Claudean Terrazas CONE, Guardian of the Estate of Christine Adeline Cone and Guardian of the Estate of Stephen Elsmer Cone, III, Relator,

v.

The Honorable Pat GREGORY, Judge of Probate Court Number 2 of Harris County, Texas, Respondent.

No. 01–91–00436–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 9, 1991.

Gerald Pecht, Jack W. Lawter, Jr., Fulbright & Jaworski, Houston, for relator.

Robert Hoffman, Houston, Jack McClendon, John C. Sims, Lubbock, Gene Green, Houston, for respondent.

Before SAM BASS, O'CONNOR and WILSON, JJ.

## OPINION ON MOTION
## FOR REHEARING

O'CONNOR, Justice.

We overrule relator's motions for rehearing and rehearing en banc. We withdraw our previous opinion dated May 24, 1991, substitute this, and deny leave to file a petition for writ of mandamus.

Relator, Claudean Terrazas Cone, guardian of the trust estates of her children (the Guardian), Christine and Stephen, seeks mandamus relief from the May 15, 1991 order of Judge Pat Gregory transferring venue of the underlying cause of action [1] from Probate Court Number 2 in Harris County to the district court of Lubbock County, Texas. The Guardian contends that Judge Gregory's order is void because the probate court has exclusive jurisdiction over the cause of action under TEX.PROB. CODE ANN. § 5A(c)(1) (Vernon Supp.1991).

The Guardian and Stephen E. Cone, Jr. (the Trustee) are the parents of the children. The parents established the trust for the benefit of their children as part of their divorce agreement. The Trustee lives in Lubbock County, where the parties divorced and the Guardian lives in Harris County. Before filing the underlying suit, the Guardian petitioned the probate court to appoint her as guardian of the estates of the children. Once appointed as guardian, she filed this suit under sections 5 and 5A of the Probate Code. The Trustee maintains that the suit, brought for breach of fiduciary duty, negligence, self-dealing, for an accounting, damages, and for his removal as trustee, is a suit under the Trust Code,[2] not the Probate Code.

The Guardian attacks the transfer because she contends the district court in Lubbock County does not have jurisdiction of a suit brought under the Probate Code. The Trustee defends the transfer because he contends the district court in Lubbock County has jurisdiction of a suit brought to remove him as trustee. If the district court in Lubbock County does not have jurisdiction over the suit, the order transferring venue to district court in Lubbock County is void.

The Guardian contends when a suit is brought under the Probate Code, section 5A(c) provides that jurisdiction is exclusive and mandatory in the probate court. Section 5A(c) states that jurisdiction of the probate court is *concurrent* with that of the district court, not exclusive. Thus, section 5A(c) of the Probate Code undermines the Guardian's argument that the jurisdiction is exclusive in the Harris County Probate Court Number 2.

The Trustee contends a suit to remove a trustee is a suit under the Trust Code and section 115.001 of the Trust Code provides that exclusive jurisdiction of such suit is in the district court. TEX.PROP.CODE ANN. § 115.001(a) (Vernon 1984). Section 115.-002(b) of the Trust Code provides that venue of an action involving a trust is in the trustee's county of residence. TEX.PROP. CODE ANN. § 115.002(b) (Vernon 1984).

We conclude that under the Probate Code, the probate court shares concurrent jurisdiction with the district court over actions brought under section 5A. TEX. PROB.CODE ANN. § 5A(c). Under the Trust Code, the district court has exclusive jurisdiction over actions to remove a trustee. TEX.PROP.CODE ANN. § 115.001(a). Thus, under either the Probate Code or the Trust Code, the district court has jurisdiction over the suit.

We note that appellate courts will not issue mandamus to correct erroneous venue decisions. *Tenneco, Inc. v. Salyer*, 739 S.W.2d 448, 449–50 (Tex.App.—Corpus Christi 1987) (orig. proceeding); *MacWhyte Co. v. Gonzalez*, 688 S.W.2d 205, 207 (Tex. App.—El Paso 1985) (orig. proceeding). There are a few exceptions. If the trial court has a mandatory, ministerial duty to transfer the case, we will issue mandamus

---

1. Claudean Terrazas Cone, Guardian of the Estate of Christine Adeline Cone and Guardian of the Estate of Stephen Elsmer Cone, III v. Stephen E. Cone, Jr., Individually and as Trustee of the Christine Adeline Cone and Stephen Elsmer Cone, III Trust, Trust B, No. 240,572–401 (Probate Ct. Number 2 of Harris County).

2. TEX.PROP.CODE ANN. § 111.001 (Vernon 1984) (the Trust Code).

to force the transfer. *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987) (venue under § 11.06 of the Family Code, which was mandatory, could be enforced by mandamus). If the trial court issues a void order on venue, we will issue mandamus to correct the order. *Dorchester Master Ltd. Partnership v. Anthony,* 734 S.W.2d 151, 152 (Tex.App.—Houston [1st Dist.] 1987) (orig. proceeding) (trial court had no authority to consider second venue motion); Tex.R.Civ.P. 87(5). If the trial court violates a mandatory notice procedure, we will issue mandamus to force the trial court to follow the rules. *Henderson v. O'Neill,* 797 S.W.2d 905, 905 (Tex.1990) (trial court did not give party the required 45 days notice of the venue hearing). Only if the Guardian can convince us the order is void or meets one of the other exceptions, will mandamus issue in this case.

Judge Gregory's order to transfer the case to the district court was not void. If venue is erroneous, the Guardian may challenge the venue order on appeal, after the trial court renders final judgment. Tex.Civ.Prac. & Rem.Code Ann. § 15.064(b) (Vernon 1986).