**Michael SCANIO and Elizabeth Tuttle, Relators,**

v.

**Hon. John R. McFALL, Judge, 237th District Court, Lubbock County, Texas, Respondent.**

**No. 07–93–0473–CV.**

Court of Appeals of Texas, Amarillo.

June 13, 1994.

Rehearing Denied July 6, 1994.

Crenshaw, Dupree & Milam, LLP, Cecil Kuhne and Brad Crawford, Carr, Fouts, Hunt, Craig, Terrill & Wolfe, LLP, Donald M. Hunt and Aubrey J. Fouts, Lubbock, for relators.

Dunn & Walker, Jonette Walker and Jessica T. Brown, Lubbock, for Kody Kothmann.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

In this original proceeding, relators Michael Scanio and Elizabeth Tuttle ask this court to issue a writ of mandamus directing Judge John R. McFall of the 237th District Court of Lubbock County, respondent, to dismiss a lawsuit brought by the real party in interest, Kody Kothmann, for want of jurisdiction. Alternatively, relators ask this court to issue a writ of mandamus directing respondent to enter an order transferring Kothmann's suit to the 274th District Court of Hays County. In the further alternative, relators ask this court to issue a writ of prohibition barring respondent from taking any further action in Kothmann's suit until final resolution of an existing case in the 274th District Court of Hays County. We will deny relators' petition for writ of mandamus as well as their petition for writ of prohibition.

A brief procedural history is critical to an understanding of the legal arguments advanced in this case. Kothmann was married to relator Tuttle in 1982. The couple was divorced in Lubbock County in 1988. Specifically, a final decree of divorce was signed and filed on June 20, 1988, following a hearing before the judge of the County Court at Law No. 2 of Lubbock County. By means of its judgment, the court divided the parties' community estate, appointed Tuttle managing conservator of the parties' two minor children, and ordered Kothmann to make support payments for the children. Kothmann appealed the trial court's judgment to this court and we affirmed. In the Matter of the Marriage of Elizabeth Ingram Kothmann and Kody Russell Kothmann and in the Interest of Tanner Lee and Derek Ingram Kothmann, Children, No. 07–88–0244–CV (Tex.App.—Amarillo, June 20, 1990, writ denied) (not designated for publication). Following our disposition of his appeal, Kothmann filed a motion in the County Court at Law No. 2 of Lubbock County to modify the decree of divorce.

In response to Kothmann's motion to modify, Tuttle filed a motion to transfer the suit to Hays County. At the time Tuttle filed her motion to transfer, she and the two minor children were residing in Hays County. Tuttle's motion to transfer was granted and the case was transferred to the 274th District Court of Hays County where it became known as Cause No. 90–0773. The judge in

that cause was the Honorable Linda Rodriguez.[1]

On April 30, 1992, the 274th District Court issued an order entitled "Order on Motion to Modify and Cross Motion to Modify in Suit Affecting the Parent–Child Relationship." By means of this order, Kothmann was ordered to pay $1092 per month in child support. He was also ordered to pay 50% of all health care expenses incurred by or on behalf of his two minor boys. Kothmann made the payments as ordered for several months but he failed to make the full payments during the last three months of 1992. As a result of his failure to make the payments, Tuttle filed a motion to enforce the court's order.

After holding a hearing on Tuttle's motion to enforce, the court issued an order on February 25, 1993, holding Kothmann in contempt for his failure to pay child support and medical expenses. At the time of the hearing, Kothmann had paid all of the past-due child support and all but $13.94 of the medical expenses incurred by his two sons. Kothmann was ordered to be confined for 179 days in the Hays County Jail but the commitment to jail was suspended and Kothmann was placed on probation for 36 months. Terms of Kothmann's probation included (1) continuing to pay $1092 per month in child support; (2) continuing to pay 50% of the health care expenses incurred by his boys; (3) paying $9089.75 in attorney's fees to Tuttle in twelve monthly installments of $757.48; and (4) purchasing health insurance for his two sons within thirty days of the court order.

Kothmann failed to pay his monthly installment for attorney's fees in April and May of 1993. He also failed to obtain health insurance for his two children as ordered by the court. In response to that failure, Tuttle filed a motion to revoke the suspension of Kothmann's commitment to jail. The court ordered a hearing to take place May 13, 1993, and, additionally, issued a capias directed to any peace officer of the State of Texas

and commanding any such officer to arrest Kody Kothmann and bring him before the court to show cause for his failure to comply with the terms and conditions of his probation.

Further, the court entered a turnover order by which Paul Titzell, an agent of Shearson Lehman Brothers, was directed to turn over to the Lubbock County Sheriff's Department "[a]ny and all cash, stock certificates, bonds or other securities" held in the name of or for the benefit of Kothmann. The turnover order also directed Kothmann to appear at the May 13th hearing with all stock certificates in which he owned an interest other than those subject to the control of Titzell. Kothmann was also commanded to bring any proceeds resulting from the sale of such stock to the hearing.

Kothmann's attorney, Clint Cook, filed a plea in intervention on behalf of his law firm, Ward, Freels & Cook, L.L.P., by which he sought possession of the items that were to be turned over to the Lubbock County Sheriff's Office to the extent of Cook's interest in those items. Cook charged that Kothmann owed him at least $5993.03 in attorney's fees and also produced a security agreement signed by Kothmann that gave Cook a secured interest in certain stock held by Shearson Lehman Brothers.

On May 10, 1993, Kothmann was arrested in Lubbock and placed in the Lubbock County Jail. Three days later, on May 13, 1993, a hearing took place in Hays County wherein the court heard evidence and arguments concerning the proper disposition of $9712.82 obtained from Kothmann's Shearson Lehman Brothers account. Kothmann appeared in person but was not represented by an attorney. His former attorney, Clint Cook, appeared on behalf of Ward, Freels & Cook, L.L.P. On May 14, 1993, the court issued an order entitled "Order Aiding in Satisfaction of Judgment," in which it found that Ward, Freels & Cook was entitled to $5,993.03 pursuant to its security agreement with Kothmann. The court further found that Tuttle

---

1. Judge Rodriguez is Judge of the County Court at Law No. 2 of Hays County. Judge Rodriguez presided over the current case as Judge of the County Court at Law No. 2 of Hays County sitting as District Court of Hays County in Cause No. 90–0773. Thus, all Hays County proceedings took place in the 274th District Court with Judge Linda Rodriguez presiding.

was entitled to the remaining $3,719.79 in partial satisfaction of the prior judgments against Kothmann for attorney's fees incurred by Tuttle. The court also declared that Tuttle was to recover $1199 in additional attorney's fees from Kothmann.[2]

The May 13th hearing did not address Tuttle's motion to revoke the suspension of Kothmann's commitment to jail. A hearing on that matter was scheduled for June 10, 1993. However, it appears that no such hearing was ever held. Just two days before the scheduled hearing, on June 8, 1993, Kothmann, now represented by counsel, filed a lawsuit in the 237th District Court of Lubbock County against (1) Clint Cook (his former attorney); (2) Michael Scanio (Tuttle's attorney); (3) Judge Rodriguez; and (4) Tuttle. It appears that since the filing of Kothmann's lawsuit in Lubbock County, no further action has been taken on any matters involving Kothmann and Tuttle in Hays County.

In late June of 1993, Tuttle and Scanio filed separate motions to transfer venue of Kothmann's lawsuit to Hays County. Judge Rodriguez and Cook filed similar motions in July. Scanio filed a first amended motion to transfer venue on August 18. Tuttle then adopted by reference Scanio's first amended motion to transfer venue. On August 26, Kothmann filed a response to the various motions to transfer. Scanio filed a reply to Kothmann's response as well as a brief in support of his motion to transfer venue. Judge John R. McFall of the 237th District Court of Lubbock County set a hearing on the various motions for October 25, 1993. We have no record of that hearing before us, but it is clear that a hearing was held.

On November 5, Kothmann filed a motion for non-suit requesting the court to dismiss his suit against Judge Rodriguez. On the same day, Kothmann filed his "First Amended Original Petition" wherein Cook, Scanio and Tuttle (but not Judge Rodriguez) were listed as defendants. Scanio filed an answer to Kothmann's amended petition. On December 8, 1993, Judge McFall of the 237th District Court issued three separate orders denying the defendants' various motions to transfer venue, dismiss the suit for want of jurisdiction and abate the suit. It is the appropriateness of these orders that is at issue today.

As stated at the outset of this opinion, Scanio and Tuttle (relators) have filed an original proceeding in this court challenging Judge McFall's orders of December 8, 1993. Relators request this court to issue a writ of mandamus directing Judge McFall, respondent, to dismiss Kothmann's lawsuit. In the alternative, relators ask this court to issue a writ of mandamus commanding respondent to transfer Kothmann's suit to the 274th District Court of Hays County. In the further alternative, relators seek to have this court issue a writ of prohibition barring respondent from taking any further action in Kothmann's suit until final resolution of Cause No. 90–0773 in the 274th District Court of Hays County. The crux of relators' complaint is that the 274th District Court of Hays County is the mandatory venue for Kothmann's suit and that venue in Lubbock County is improper.[3]

In his First Amended Original Petition, Kothmann alleged the following causes of action: (1) false imprisonment; (2) conversion; (3) breach of fiduciary duty; (4) fraud; (5) conspiracy; (6) intentional infliction of

---

2. Kothmann timely filed a motion for new trial in regard to the court's May 14th order. No hearing was ever held on Kothmann's motion for new trial and eventually the motion was overruled by operation of law.

3. We note that appellate courts will not generally issue writs of mandamus to correct erroneous venue decisions. *Cone v. Gregory*, 814 S.W.2d 413, 414 (Tex.App.—Houston [1st Dist.] 1991, no writ); *see MacWhyte Co. v. Gonzalez*, 688 S.W.2d 205, 207 (Tex.App.—El Paso 1985, no writ). However, there are exceptions to the general rule. *Cone v. Gregory*, 814 S.W.2d at 414. One

of the exceptions is where the trial court has a mandatory, ministerial duty to transfer the case. *Id.* For example, trial courts have such a duty in suits affecting the parent-child relationship and the writ of mandamus is available to compel mandatory transfer. *Proffer v. Yates*, 734 S.W.2d 671, 672–73 (Tex.1987).

In the present case, relators contend that, pursuant to a number of statutes, the 237th District Court of Lubbock County has a mandatory duty to transfer the case. Accordingly, we will address relators' arguments.

emotional distress; (7) abuse of process; and (8) violation of the Texas Deceptive Trade Practices Act (DTPA). Kothmann prayed for a declaratory judgment that his arrest and imprisonment of May 10, 1993 was false. He also prayed for a judgment for actual and exemplary damages.[4] We will now review the specifics of the causes of action.

Kothmann claimed that his arrest on May 10, 1993, was without statutory authority. He claimed that the capias by which his arrest was ordered was unlawful. He also claimed that a required hearing following his arrest was not held. Thus, Kothmann alleged he was falsely imprisoned and that said imprisonment caused him to experience fright, humiliation, embarrassment, mental anguish and great physical discomfort.

As for his conversion, breach of fiduciary duty, and fraud claims, Kothmann made the following charge:

> Cook [Kothmann's attorney] was entrusted with the management, control, and disposition of the litigation above-mentioned, as well as a portion of the estate of [Kothmann]. [Kothmann] trusted and believed that at the very least, Cook would faithfully execute his fiduciary duties. Instead, Cook, with the help of Scanio and Tuttle, plotted and carried out a plan to convert, without authority, [Kothmann's] rights in the above-referenced · property [the $9712.82 from Kothmann's Shearson Lehman Brothers account]. [Kothmann] was unaware that Cook was conspiring with others to take his property, and [Kothmann] had no opportunity to contest the taking of the property.

Kothmann also claimed that Scanio and Tuttle were attempting to sabotage his banking relationship with Mason National Bank in an "effort to discredit, humiliate, and interfere with [his] business and personal relationships."

Kothmann alleged that Scanio, Tuttle and Cook were involved in a conspiracy to accomplish unlawful acts by unlawful means and thereby harm him. Kothmann's claims for intentional infliction of emotional distress and abuse of process center on what he terms a "perverted use of the civil court system" by Scanio, Tuttle and Cook. Kothmann's DTPA claim is against Cook only.

■ The general venue rule in Texas is found in Section 15.001 of the Texas Civil Practice & ·Remedies Code. That section states that "[e]xcept as otherwise provided ... all lawsuits shall be brought in the county in which all or part of the cause of action accrued or in the county of defendant's residence if defendant is a natural person." Tex. Civ.Prac. & Rem.Code Ann. § 15.001 (Vernon 1986). Respondent claims that pursuant to the general venue statute, Lubbock County was an appropriate venue for Kothmann's suit because the cause of action accrued in Lubbock County.

Relators argue that the general venue statute does not apply because there are certain other specific venue provisions that mandate venue in Hays County. Relators point first and foremost to Sections 11.05 and 11.06 of the Texas Family Code. According to the Family Code, "when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction of all parties and matters provided for under this subtitle in connection with the child." Tex.Fam.Code Ann. § 11.05(a) (Vernon Supp.1994).[5] While it is true that the 274th District Court of Hays County has continuing, exclusive jurisdiction over the case affecting the parent-child relationship styled "In the Interest of Tanner Lee Kothmann and Derek Ingram Kothmann, Minor Children," Kothmann's lawsuit does not concern that parent-child relationship. By his lawsuit, Kothmann does not seek to alter the current arrangements with regard to custody and visitation of the children. Nor does Kothmann seek to change the current child support arrangement. In

---

4.  In his original petition, Kothmann prayed for both a temporary and permanent injunction barring the defendants from proceeding with their alleged conspiracy to harm him. Kothmann no longer seeks this relief in his First Amended Original Petition.

5.  The statute speaks in terms of jurisdiction, not venue. However, because the statute addresses exclusive jurisdiction, it necessarily involves the issue of mandatory venue.

short, Kothmann's lawsuit is unrelated to the parent-child relationship. The 274th District Court's continuing jurisdiction over the parent-child relationship case does not extend to any and all actions involving Kothmann and his ex-wife Tuttle. The Texas Family Code does not mandate venue of Kothmann's suit in Hays County.

Relators next point to Tex.Civ.Prac & Rem Code Ann. § 15.013 (Vernon 1986), which states that "[a]ctions to restrain execution of a judgment based on invalidity of the judgment or of the writ shall be brought in the county in which the judgment was rendered." Relators contend that Section 15.013 is controlling because "basically all of Plaintiff's alleged claims and causes of action are (of necessity) predicated upon the alleged invalidity of judgments, orders, and contempt orders rendered by the 274th District Court of Hays County." We do not agree.

The only cause of action advanced by Kothmann that could arguably be said to be "predicated upon the alleged invalidity of judgments, orders and contempt orders" is his cause of action for false imprisonment.[6] But even assuming, *arguendo,* that such cause of action is based upon the invalidity of an order, the cause of action is not an action "to restrain execution of a judgment." No where in his pleading does Kothmann seek to enjoin or stay execution of the court's capias. Kothmann had already been arrested pursuant to the capias. Kothmann merely sought damages because of his arrest and a declaratory judgment that the arrest had been false. In our view, Kothmann's prayer for such a declaratory judgment is not tantamount to an action to restrain execution of a judgment.[7]

Relators also assert that venue of Kothmann's lawsuit is mandatory in Hays County pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 15.012 (Vernon 1986), which states that

"[a]ctions to stay proceedings in a suit shall be brought in the county in which the suit is pending." Relators also contend that the general venue statute is superseded in this particular case by Tex.Civ.Prac. & Rem.Code Ann. § 65.023(b) (Vernon 1986) which declares that "[a] writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in a court in which the suit is pending or the judgment was rendered." Relators' contention is unavailing because Kothmann no longer seeks to obtain an injunction. *See* footnote 4.

Relators further contend that Tex.Civ. Prac. & Rem.Code Ann. § 15.015 (Vernon 1986), requiring that an action against a county be brought in that county, makes venue mandatory in Hays County, for relators contend that Hays County is a defendant by virtue of Kothmann's initial pleading which asserted a cause of action against Judge Rodriguez. We need not address relators' contention for, as noted earlier in this opinion, Judge Rodriguez is no longer a party to the suit.[8]

Relators additionally charge that the doctrine of dominant jurisdiction requires an abatement of any further proceedings in the 237th District Court of Lubbock County. As support for their contention, relators offer the following quote from *Lamar Savings Ass'n v. White,* 731 S.W.2d 715 (Tex.App.— Houston [1st Dist.] 1987, no writ):

> The court in which suit is first filed acquires dominant jurisdiction over the subject matter and parties of the suit, to the exclusion of other coordinate courts, and no other court in which a subsequent suit is filed has the power to interfere.

*Id.* at 716 (citations omitted). This quote is undoubtedly a correct statement of the law, but the law does not apply here. Kothmann's lawsuit does not involve the same

---

**6.** Kothmann's other causes of action complain only of actions taken by Scanio, Tuttle and Cook. By those causes of action, Kothmann does not challenge the validity of any court orders or the actions of Judge Rodriguez.

**7.** Our determination also serves to defeat relators' argument that Kothmann is prohibited by res judicata and collateral estoppel from attacking orders rendered by the 274th District Court.

**8.** Kothmann filed a motion for non-suit requesting the trial court to dismiss his suit against Judge Rodriguez. The non-suit became effective when it was filed. *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex.1982); *Orion Invs., Inc. v. Dunaway & Assocs.,* 760 S.W.2d 371, 374 (Tex. App.—Fort Worth 1988, writ denied).

subject matter as the continuing suit in Hays County affecting the parent-child relationship between Kothmann, Tuttle and their two children. Nor does Kothmann's lawsuit involve the same parties. While it is true that Kothmann and Tuttle are parties to both suits, Scanio and Cook are not parties to the Hays County suit and, of course, Kothmann and Tuttle's two sons are not parties to the suit filed by Kothmann in Lubbock County. Consequently, the doctrine of dominant jurisdiction does not mandate venue in Hays County.

■ Finally, relators argue that Kothmann's various causes of action were compulsory counterclaims that should have been asserted at an appropriate time in the 274th District Court of Hays County. Relators contend that Kothmann has waived the causes of action he now advances by not raising the causes of action as compulsory counterclaims. This is the first time relators have raised this issue. They did not advance this contention before the trial court. Nevertheless, we will address relators' contention.

In pertinent part, Rule 97(a) of the Texas Rules of Civil Procedure states:

A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Relators argue that all of Kothmann's claims deal with the $9712 obtained from Kothmann's Shearson Lehman Brothers account. Thus, relators assert that Kothmann's claims arise out of the transaction or occurrence that was the subject of the May 13, 1993 hearing. Relators contend that Kothmann had an opportunity to advance his claims at that hearing and that having failed to do so, he has waived his causes of action.

We do not agree with relators' basic premise that all of Kothmann's claims deal with the $9712 obtained from his Shearson Leh-

man Brothers account. Therefore, we do not believe that all of Kothmann's causes of action were compulsory counterclaims. Even if, *arguendo*, Kothmann's causes of action were compulsory counterclaims, such fact cannot be the basis for an order transferring venue. Rather, as stated in *Weiman v. Addicks–Fairbanks Road Sand Co.*, 846 S.W.2d 414 (Tex.App.—Houston [14th Dist.] 1992, writ denied):

[i]f a claim is brought against a party, and that party shows that the claim was a compulsory counterclaim against him in a prior suit between the parties, the claim is *precluded.*

*Id.* at 418 (emphasis added). In other words, relators' compulsory counterclaim argument is an affirmative defense. *See id.* at 419. Affirmative defenses are not appropriately in issue at a venue hearing. "A defendant may have a perfect defense to a plaintiff's cause of action, yet evidence thereof would not be admissible upon a hearing of the venue issues." *Dallas Joint Stock Land Bank of Dallas v. Harrison*, 131 S.W.2d 742, 744 (Tex.Civ.App.—Fort Worth) 1939, no writ.

In conclusion, we find that venue of Kothmann's lawsuit is entirely proper in Lubbock County. We therefore deny relators' petition for writ of mandamus. Additionally, we deny relators' petition for writ of prohibition.

### JUDGMENT

This day came on to be heard Relators' Petition for Writ of Mandamus and Relators' Petition for Writ of Prohibition, and the same having been duly considered by the Court, it is ordered, adjudged and decreed that the Petition for Writ of Mandamus as well as the Petition for Writ of Prohibition be denied.

All costs herein having been paid, no order pertaining to costs is made herein.