Kothmann 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00368-CV







Kody Russell Kothmann, Appellant



v.



Elizabeth Tuttle and Michael Scanio, Appellees







FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT


NO. 90-0773, HONORABLE LINDA RODRIGUEZ, JUDGE PRESIDING







 Appellant, Kody Russell Kothmann, appeals from the trial court's denial of his
motion to dissolve a prior injunction. His former wife, Elizabeth Tuttle, and her attorney,
Michael Scanio, are appellees. Kothmann brings two points of error, complaining that the trial
court abused its discretion in refusing to dissolve the injunction and in granting attorney's fees. 
We will reverse the trial court's judgment. 



BACKGROUND


 This appeal is part of a complex and lengthy dispute between Elizabeth Tuttle and
Kody Kothmann following their divorce in Lubbock in 1987. We will set forth details sufficient
to give a proper context for this chapter of their dispute; a more complete picture of the parties'
protracted wrangling is set forth in Scanio v. McFall, 877 S.W.2d 888 (Tex. App.--Amarillo 1994,
orig. proceeding).

 Kothmann appealed the trial court's original order granting the divorce. After that
judgment was affirmed on appeal, he began a series of motions to reduce his court-ordered child
support. Because Tuttle and the children had moved to San Marcos, these post-divorce matters
were transferred from Lubbock County to Hays County. See Act of April 6, 1995, 74th Leg.,
R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 129 (Tex. Fam. Code Ann. § 11.06, since repealed
and re-codified at Tex. Fam. Code Ann. § 103.002(a)). After a trial on Kothmann's motion to
reduce support and Tuttle's motion to enforce support, Kothmann was held in contempt, assessed
attorney's fees and placed on probation. He eventually violated that probation and was arrested
on a motion to revoke probation and a capias warrant issued from the Hays County trial court. 
Two days before the hearing on the motion to revoke probation in Hays County, Kothmann filed
suit in Lubbock County against Tuttle, her attorney Scanio, his former attorney Clint Cook, and
the Honorable Linda Rodriguez, the judge presiding in the Hays County action. In the Lubbock
suit, Kothmann alleged a conspiracy among all the defendants to convert his property, falsely
imprison him, defraud him and intentionally inflict emotional distress upon him. He sought to
have the Lubbock court declare his Hays County arrest illegal and sought to enjoin the named
parties from conspiring against him and his property. In November 1993, Kothman non-suited
Judge Rodriguez and dropped his request for an injunction, but continued the remainder of his
action against the other named parties. The Lubbock court denied Tuttle and Scanio's pleas in
abatement, motions to transfer and motions to dismiss. Tuttle and Scanio sought a writ of
mandamus and a writ of prohibition in the Amarillo Court of Appeals; while that appeal was
pending, they obtained an injunction in the Hays County suit that commanded Kothmann and his
attorneys and agents



to desist and refrain from directly or indirectly filing suit or proceeding with
litigation in any other court related to the order issued by this Court in this cause,
and from initiating or continuing discovery or proceeding with litigation in [the
Lubbock action] from the date of entry of this order until further order of this
Court; provided, however, said persons are not restrained from responding to
mandamus and prohibition actions, taken by [Tuttle] and Michael Scanio in the
Amarillo Court of Appeals.



When the Amarillo Court of Appeals declined to issue mandamus directing the Lubbock court to
dismiss the lawsuit or to transfer it to Hays County and declined to issue a writ of prohibition
barring the court from taking further action in Kothmann's Lubbock suit, Scanio, 877 S.W.2d at
894, Kothmann came back to Hays County and asked the trial court to dissolve its earlier
injunction. Kothmann appeals the trial court's denial of his motion to dissolve the injunction.



JURISDICTION


 Appellees raise two jurisdictional issues. They suggest that the trial court entered
a permanent injunction that became final and non-appealable thirty days after it was signed, or
thirty days after a timely filed motion for new trial was overruled. See Tex. R. Civ. P. 329b(d)
& (e). They argue that because this final judgment was never appealed, the trial court lost its
plenary jurisdiction to set aside that earlier final judgment except by bill of review. See Tex. R.
Civ. P. 329b(f). Appellees further characterize this appeal from the denial of the motion to
dissolve as an attack on the original injunction, and argue that this court does not have jurisdiction
to consider this untimely appeal of that earlier order.

 The very nature of this dispute and the specific language of the injunction belie the
characterization of the court's action as a permanent injunction. If the court entered an injunction
to protect its continuing jurisdiction of the parent-child relations between the parties, by its very
nature the injunction was not a final judgment disposing of all issues between the parties, but
rather was an effort by the court to protect its jurisdiction so that those "continuing" matters could
be decided by that court. Furthermore, the language of the injunction itself reflects its temporary
nature; the parties are enjoined "until further order of this Court." Because this injunction was
temporary, we hold that the trial court had jurisdiction to revisit its appropriateness, and this court
has jurisdiction to hear this appeal from the trial court's decision to deny the motion to dissolve
the prior injunction. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4) (West Supp. 1996).

 In this appeal, we do not consider the correctness of the original injunction, but
only whether the trial court abused its discretion in refusing to dissolve its original injunction. 
See Cellular Mktg., Inc. v. Houston Cellular Tel. Co., 784 S.W.2d 734, 735 (Tex. App.--Houston
[14th Dist.] 1990, no writ); Tober v. Turner of Texas, Inc., 668 S.W.2d 831, 834 (Tex.
App.--Austin 1984, no writ). The appellant has the burden to show that the trial court abused its
discretion in refusing to dissolve the earlier order. Tober, 668 S.W.2d at 834. In the Tober
decision, we suggested that the only basis for seeking dissolution of a temporary injunctive order
is changed circumstances. Id. at 835. We now examine Kothmann's argument that the
circumstances have changed sufficiently to make it an abuse of discretion to continue the original
injunction in effect.



CHANGED CIRCUMSTANCES


 Kothmann argues that after Tuttle and Scanio failed to persuade the Amarillo Court
of Appeals to dismiss Kothmann's Lubbock lawsuit, or transfer it to Hays County, it was no
longer appropriate for the Hays County court to continue its anti-suit injunction. We agree. A temporary injunction should only issue if the applicant pleads a cause of action
and establishes a probable right on final trial to the relief sought and a probable injury in the
interim. Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993); Fasken v. Darby, 901 S.W.2d
591, 592 (Tex. App.--El Paso 1995, no writ h.). At the time the original injunction was granted,
two days after the Lubbock court had denied appellees' pleas in abatement and motions to transfer
or dismiss, the Hays County court might have disagreed with the Lubbock Court's ruling and
might have been persuaded that Tuttle and Scanio had a probable right to ultimately prevail in
their mandamus action. However, after Tuttle and Scanio failed to obtain a writ of mandamus or
a writ of prohibition, they could no longer demonstrate a probable right to the relief they sought. 
For this reason, the appellate court decision changed the appropriateness of the injunctive relief
granted by the Hays County court. It was an abuse of discretion for the trial court to continue the
injunction once the appellees had lost their probable right to prevail in the relief they sought, that
is the dismissal or transfer of the Lubbock lawsuit. The circumstance that changed was the
possibility of appellees' prevailing in this matter.

 The original injunction was entered after appellees had lost their pleas to the
jurisdiction in the Lubbock trial court but before they had presented their argument to the
appellate court. The writ of injunction enjoined Kothmann and his attorneys "until further order,"
indicating that it was not an attempt to forever prevent them from proceeding to trial in Lubbock. 
Without commenting on the correctness of the form of the injunction, we note that the Hays
County court could have seen the anti-suit injunction as an appropriate action to preserve what it
considered its "dominant jurisdiction" over the entire dispute between Kothmann, Tuttle and
Tuttle's attorney, until the appropriate forum had been finally decided. See Gannon v. Payne, 706
S.W.2d 304, 305-06 (Tex. 1986) (state court may protect jurisdiction by enjoining parties to suit
subsequently filed in another state court). Whether or not we agree with the decision issued by
the Amarillo court, we hold that its decision could not be ignored by the Hays County trial court. 
Once the venue questions were finally decided adversely to Tuttle and Scanio, the Hays County
court had no basis for continuing to enjoin Kothmann from proceeding with his lawsuit in
Lubbock. It was an abuse of discretion for the Hays County district court to attempt to grant to
appellees the mandamus relief that they were unsuccessful in obtaining from the Amarillo Court
of Appeals. One district court does not sit to bar further action in another district court with co-equal powers. See Tex. Const. art. V, § 8; Tex. Gov't Code Ann. §§ 21.001 and 24.007 (West
1988).

 We understand the trial court's frustration with Kothmann's stubborn refusal to
follow the orders entered for the support of his children and its exasperation with his actions in
protracting this post-divorce dispute. Nevertheless, we hold that the trial court abused its
discretion in continuing the anti-suit injunction after the appellees had failed in their efforts to
have the appellate court dismiss or transfer the Lubbock lawsuit. We sustain appellant's first
point of error, reverse the trial court's decision and render judgment that the temporary injunction
be dissolved. We further hold that the trial court abused its discretion in awarding attorney's fees
to appellees. We therefore sustain appellant's second point of error and render judgment that
appellees take no attorney's fees.



 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Reversed and Rendered

Filed: February 7, 1996

Do Not Publish