YVONNE T. RODRIGUEZ, Justice
Appellant Nancy Hayter appeals the order of the county court at law appointing Appellee Barron Bishop Moore trustee of a trust gifted under the will of decedent Jane Bishop Moore. In three points of error, Appellant contends that: (1) the trial court lacked plenary jurisdiction to render the order in question because more than thirty days had elapsed since final judgment was rendered in the original probate proceeding; (2) the trial court lacked in personam jurisdiction over Appellant because she was not served with citation; and (3) insufficient notice was given to Appellant of the trial setting before judgment was rendered, thus violating her right to fundamental due process. Having found merit to Appellant's second contention, we reverse.
BACKGROUND
This is a case about the proper procedure for removing an acting trustee and appointing a successor trustee. Jane Bishop Moore, the aunt of Appellant and mother of Appellee, died in June 1992, leaving a will naming Appellant the independent executrix of her estate. Among other things, the will also transferred ownership of "Trust A" to a trustee for the benefit of Appellee. Under the will, Appellee was to serve as sole trustee, unless he failed or ceased to act as trustee for any reason, in which case Appellant was to serve as sole trustee. Appellant filed an application to admit Moore's will to probate on July 9, 1992. The application was filed in Reeves County, Texas, which does not have a statutory probate court but instead utilizes a county court at law with original probate jurisdiction. TEX.GOV'T CODE ANN. § 25.1971 (West 2004) ; TEX.GOV'T CODE ANN. § 25.1972 (West Supp. 2017). Appellant's attorneys of record in the proceeding were Wm. Monroe Kerr and A.M. Nunley III. The will was admitted to probate on July 28, 1992, and Appellant was appointed independent executrix of the estate. After executing her duties, Appellant filed an application with the court for approval of accounting and discharge and served all estate beneficiaries with proper citation. The court issued an order approving her accounting on December 8, 1993, and discharged Appellant as independent executrix. Appellant then assumed the role of trustee of Trust A.
No further action was taken until April 9, 2014, when Appellee filed an application for hearing under the same cause number *535 as the original probate proceeding but styled "In Re: Trust 'A,' Created Under the Will of Jane Bishop Moore, Deceased." The application alleged that Moore's will had appointed him trustee of Trust A and that Appellant had been serving as the trustee without legal authority. The record contains a certificate of service on Brandon S. Archer, Appellant's counsel of record in this appeal but not in the original probate proceeding, and Appellant herself was not served. The court signed an order scheduling a hearing for May 8, 2014, but then issued a reset order the following day that set the hearing for May 14, 2014. Notice of the hearing dates was not sent to Appellant or her attorneys. The hearing was duly held and the court issued an order naming Appellee trustee of Trust A and holding that Appellant is not and had never been appointed trustee of Trust A. Appellant was not present at the proceedings, but filed a notice of appeal on November 12, 2014, under Rule 30 of the Texas Rules of Appellate Procedure authorizing restricted appeals.
DISCUSSION
Notice Requirements
We address Appellant's second point of error first: that the trial court did not have jurisdiction over Appellant because she was not properly served with citation. Because we find this issue dispositive, we decline to address Appellant's remaining points of error. See TEX.R.APP.P. 47.1.
Standard of Review
To prevail on a restricted appeal, a party must demonstrate that: (1) notice of the restricted appeal was filed within six months of the judgment being signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the trial; and (4) error is apparent on the face of the record. TEX.R.APP.P. 26.1(c), 30; Alexander v. Lynda's Boutique , 134 S.W.3d 845, 848 (Tex. 2004) ; Norman Communications v. Texas Eastman Co. , 955 S.W.2d 269, 270 (Tex. 1997). Only the second and fourth elements are contested.
Analysis
A trustee may be removed by the terms prescribed in the trust instrument, or by a court of competent jurisdiction after a hearing brought by an "interested person," provided the court finds cause for removal. TEX.PROP.CODE ANN. § 113.082 (West 2014). Under the Texas Property Code, a district court has original jurisdiction over all proceedings against a trustee and all proceedings concerning trusts, including proceedings to construe a trust instrument and to appoint or remove a trustee. TEX.PROP.CODE ANN. § 115.001(a) (West Supp. 2017); Cone v. Gregory , 814 S.W.2d 413, 414 (Tex.App.-Houston [1st Dist.] 1991, no pet.). A district court's jurisdiction over such proceedings is exclusive, except for jurisdiction conferred by law on lesser courts, including a county court at law. TEX.PROP.CODE ANN. § 115.001(d). Further, in a county that lacks a statutory probate court but has a county court a law exercising original probate jurisdiction, the interpretation and administration of a testamentary trust or an inter vivos trust created by a decedent whose will has been admitted to probate in that court is considered a matter related to a probate proceeding. TEX.EST.EODE ANN. § 31.002 (West 2014). Thus, under either code, a county court a law acting in this capacity has jurisdiction over a suit involving a testamentary trust. Gregory , 814 S.W.2d at 414. A trustee is a necessary party to an action involving a trust or against a trustee, provided a trustee is serving at the time the action is filed. TEX.PROP.CODE ANN. § 115.011 ;
*536 Smith v. Plainview Hospital and Clinic Foundation , 393 S.W.2d 424, 427 (Tex.Civ.App.-Amarillo 1965, writ dism'd). Notice may be given to parties or those entitled to receive notice by the manner prescribed by the Texas Rules of Civil Procedure, or may be given directly to the party or to the party's attorney if the party has appeared by attorney or requested that notice be sent to his attorney. TEX.PROP.CODE ANN. § 115.016 (West 2014). Texas Rules of Civil Procedure 21a allows service to be accomplished by delivering a copy to the party to be served or to the party's duly authorized agent or attorney of record. TEX.R.CIV.P. 21a.
Here, it is undisputed that Appellant did not personally receive notice in the proceeding below. It is also undisputed that Wm. Monroe Kerr and A.M. Nunley III, Appellant's attorneys of record in the original probate proceeding, were not served with notice of the hearing. The record only contains a certificate of service on Brandon S. Archer, who did not appear as attorney of record in the original probate proceeding and was not designated to receive service on Appellant's behalf as allowed by Section 115.016 of the Texas Property Code. Failure to give proper notice "violates 'the most rudimentary demands of due process of law.' " Peralta v. Heights Medical Center, Inc. , 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988) (quoting Armstrong v. Manzo , 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965) ). If improper notice is given to a party of proceedings when notice is required, any subsequent court proceedings vis-à-vis the party not given notice are void. Lytle v. Cunnigham , 261 S.W.3d 837, 840 (Tex.App.-Dallas 2008, no pet.) ; Gutierrez v. Lone Star Nat. Bank , 960 S.W.2d 211, 214 (Tex.App.-Corpus Christi-Edinburg 1997, pet. denied). At the time of the hearing below, Appellant had been serving and holding herself out as acting trustee for more than twenty years. Appellee asserts that she did not qualify as interested person under the Estates Code and therefore there was no requirement that she be cited or otherwise given notice. But Appellant was not required to show that she was an interested person; per Section 115.011 of the Texas Property Code, as trustee, Appellant was a necessary party to the proceedings. TEX.PROP.CODE ANN. § 115.011. She was, however, not served with citation, and "[i]f proper service is not affirmatively shown, there is error on the face of the record." Westcliffe, Inc. v. Bear Creek Const., Ltd. , 105 S.W.3d 286, 290 (Tex.App.-Dallas 2003, no pet.) (citing Primate Const., Inc. v. Silver , 884 S.W.2d 151, 153 (Tex. 1994) ). Because Appellant was a necessary party and has demonstrated error on the face of the record, she has carried her burden under elements two and four to succeed on restricted appeal. Alexander , 134 S.W.3d at 848. Since proper service on Appellant is not shown, it is apparent that the county court at law did not obtain jurisdiction over Appellant and the proceeding to have her removed as trustee and a successor trustee appointed is void. Lytle , 261 S.W.3d at 840. Appellant's second issue is sustained.
CONCLUSION
Having sustained Appellant's second point of error, we reverse and remand this cause for disposition consistent with this opinion.
Hughes, J., Not Participating