**Floyd CROCKER, Appellant,**

v.

**ATTORNEY GENERAL OF TEXAS, Appellee.**

**No. 03–98–00620–CV.**

Court of Appeals of Texas,
Austin.

Oct. 7, 1999.

Noel D. Cooper, Melvin Gray & Associates, San Angelo, for Appellant.

John Cornyn, Atty. Gen., John B. Worley, Office of the Attorney General, Austin, for Appellee.

Before Chief Justice ABOUSSIE, Justices JONES and KIDD.

MACK KIDD, Justice.

Appellee the Attorney General of Texas moved to modify the decree divorcing Devona Crocker and appellant Floyd Crocker, seeking to extend Floyd's obligation to support his youngest child through high school graduation, a date beyond the child's eighteenth birthday. The trial court ordered Floyd to pay Devona monthly child support until the youngest child obtained a high school diploma, if the child remained fully enrolled in an accredited school in a program leading toward a high school diploma. We will affirm the trial court's order.

In his first issue, Floyd contends that the trial court lacked jurisdiction to hear the Attorney General's motion to modify. When the motion to modify was filed, the youngest child, Mark D. Crocker, had already turned eighteen. Relying on *Red v. Red,* Floyd argues that because he had performed the obligations of the original divorce decree when Mark turned eighteen, the decree was discharged and the trial court ceased to have jurisdiction over the subject matter of the litigation. 552 S.W.2d 90, 92 (Tex.1977). The supreme court held in *Red* that when a divorce decree requires support payments until a child turns eighteen, the court can later order payments to continue after the eighteenth birthday *only* if the grounds for extension exist and are invoked before the child reaches eighteen. *Id.* The court stated that a decree that is fully performed when the child turns eighteen leaves no order pending before the court that can be modified. *Id.* It emphasized that if such an order were not considered discharged and final, a request for modification could be made throughout the lifetime of an adult who had once been the subject of child support orders in a divorce decree. *Id.* Although *Red* concerned a child who was disabled, other courts have applied the supreme court's language to orders involving children who turn eighteen *before* they finish high school. *E.g., Klaver v. Klaver,* 764 S.W.2d 401, 403–04 (Tex.App.—Fort Worth 1989, no writ).

Since the supreme court rendered its decision in *Red,* however, the legislature has altered the statutes that control this case. In 1995, the legislature added to the Family Code the following provisions:

(a) If the child is fully enrolled in an accredited secondary school in a pro- gram leading toward a high school diploma, the court may render an original support order or modify an existing order providing child support past the 18th birthday of the child.

(b) The request for a support order through high school graduation may be filed before or after the child's 18th birthday.

Tex. Fam.Code Ann. § 154.002(a), (b) (West 1996). Subsection (b), expressly allowing a request for support through high school graduation to be filed after the child turns eighteen, supersedes the reasoning in *Red* and invalidates it as support for this case.[1]

Floyd nevertheless argues that under subsection (b), a distinction exists between an original suit seeking child support and a motion to modify a previous decree ordering support. He maintains that while an original suit would be authorized here, when the obligor has already fulfilled his duties under the decree, a motion to modify is improper because no order exists that is subject to modification. The language of section 154.002 refutes this contention. Subsection (a) specifically authorizes a court ordering support past the child's eighteenth birthday either to render an original support order *or* to modify an existing order. Subsection (b) sets out when "the request for a support order" must be made. *See id.* The general language the legislature used in subsection (b) to refer to the manner of seeking child support covers both a motion to modify and an original proceeding seeking support. We therefore conclude that the Family Code confers jurisdiction on the trial court to order support for a child who is enrolled in high school after he turns

---

1. The statutory support for *Red's* specific holding as to disabled children was removed when the legislature added a provision allowing a parent to sue, "regardless of the age of the child," for support that would extend beyond the disabled child's eighteenth birthday. *See* Act of May 26, 1989, 71st Leg., R.S., ch. 368, § 2, 1989 Tex. Gen. Laws 1457 (Tex. Fam.Code Ann. § 14.051(d), since recodified at Tex. Fam.Code Ann. § 154.305(a)(1) (West 1996)). In addition, the legislature has supplemented the definition of "child" since *Red* was decided to include, in the context of child support, "a person over 18 years of age for whom a person may be obligated to pay child support." Tex. Fam.Code Ann. § 101.003 (West 1996).

653

eighteen, and that this jurisdiction is invoked by a motion to modify filed after the child's eighteenth birthday. We overrule Floyd's first issue.

■ In his second issue, Floyd challenges the sufficiency of the evidence to prove that Mark was fully enrolled in high school, as required to order support through high school graduation. *See id.* § 154.002(a). The trial court found that "[a]t the time of the filing of this suit by the Attorney General of Texas, the child, Mark D. Crocker, was fully enrolled in an accredited school in a program leading toward a high school diploma after his 18th birthday 10–1–92." [2] Although Floyd does not state whether he contests the legal or the factual sufficiency of the evidence to support this finding, we construe his argument as a challenge to the factual sufficiency of the evidence. To review Floyd's factual-sufficiency challenge, we consider all the evidence and will set aside the finding only if the evidence supporting it is so weak, or the evidence to the contrary so overwhelming, as to make it clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

The motion to modify was filed in March 1998, and the court heard the motion the following September. Floyd testified that he believed that Mark had taken English, car mechanics, and band during the spring of 1998, but had failed English and was required to retake it. Floyd stated that as of the fall of 1998 the required classes Mark lacked to graduate were two English classes, a government class, and an economics class. That fall, he was taking English, a welding class, and a computer class, and was pursuing the minimum required classes to graduate from high school. Devona stated that Mark was taking all the courses that were necessary for him to graduate in May 1999, and that she

would do everything she could to ensure that he graduated then.

According to Floyd, Mark was not taking more than four years to graduate from high school, but had been held back a year during one of his early grades. Because Mark had been diagnosed with attention deficit disorder, he has had difficulty concentrating in school and has taken special education classes. During the spring and fall of 1998, Mark participated in the high school's jobs program, in which he attended classes in the mornings and worked in the afternoons. He worked as a stock boy for a grocery store in the spring, but apparently was discharged when he failed to come to work. After working late nights at the store, Mark would talk on the phone to friends, causing him to have trouble getting up for school the next morning. Mark consequently missed twenty-five days of class during the school year, some of which he made up in Saturday classes. After the truant officer gave Mark and Devona a warning, however, Mark attended school regularly.

■ The intent of section 154.002(a) is to require a parent to help support his child, even if the child is over eighteen years of age, so long as that child is actively participating in studies that would lead to a high school diploma. *In re Frost,* 815 S.W.2d 890, 892 (Tex.App.—Amarillo 1991, no writ). We analyze whether Mark is fully enrolled, not on the basis of how many hours of class he is taking, but on how many hours he would be required to take if seeking to graduate. *Ewing v. Holt,* 835 S.W.2d 274, 275 (Tex.App.—Fort Worth 1992, no writ). The evidence shows that despite the absences he had the previous school year, Mark was taking the courses required to graduate on schedule. Although Mark could theoretically have graduated in less than four years by not participating in the jobs program, a curric-

2. Because other documents in the record show that Mark was born on October 1, 1979, we assume that stating Mark's eighteenth birthday to be "10–1–92" in the finding is a clerical error. In its first conclusion of law, the court states that Mark turned eighteen years of age on October 1, 1997.

ulum that is adapted to his particular educational needs does not disqualify him from being fully enrolled. *Frost,* 815 S.W.2d at 893. Because the evidence is factually sufficient to support the court's finding that Mark was fully enrolled in high school, we overrule the second issue.

In his third issue, Floyd contends that neither the pleadings nor the evidence supports the court's order that his obligation to pay child support survive Floyd's death. *See* Fam.Code § 154.006 (West 1996). Floyd failed to raise any pleading defect in the trial court, thereby waiving this contention for review. Tex. R.App. P. 33.1(a). Because no evidence was necessary to support the court's order, we overrule the third issue.

Having overruled each of Floyd's issues, we affirm the trial court's order.