**Affirmed and Memorandum Opinion filed January 10, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-10-01191-CV

## JOHN ALLEN LOWE, Appellant

## V.

## CHRISTIE LEE (LOWE) ROBERTS, Appellee

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1995-20580**

## MEMORANDUM OPINION

John Allen Lowe appeals from the trial court's order modifying the parent-child relationship, which awarded Christie Lee (Lowe) Roberts $3,000 in child support for part of the time that their 18-year-old daughter lived with Roberts and attended high school. In a single issue, Lowe argues that the trial court lacked jurisdiction to award child support. We affirm.

### BACKGROUND

The facts are not disputed. The trial court signed an agreed order to modify the parent-child relationship in 2008 designating Lowe and Roberts as joint managing

conservators.  The court ordered that Lowe had the exclusive right to establish the child's primary residence and receive payments for support of the child, among other exclusive rights.  Child support payments would have continued until the end of the month in which the child graduated high school.

But when the child turned 18 years old in September 2009, she moved out of Lowe's home and moved in with Roberts.  Roberts petitioned the trial court to modify the parent-child relationship to award her certain exclusive rights, including the right to receive support for the child.  The parties agreed at a temporary hearing that Lowe's right to receive child support should terminate, and the case went to trial in July 2010.  At trial, Roberts abandoned all claims except her claim for child support.  The court awarded Roberts $3,000 for child support for the months of January through June 2010 — when the child was living with Roberts and attending high school.  Lowe appealed.

### ANALYSIS

Lowe contends that the trial court lacked jurisdiction to modify the parent-child relationship because the ground for modification came into existence after the child's 18th birthday.  In particular, Lowe argues that Roberts cannot receive child support because "the conservatorship right to receive child support is a pre-requisite to obtaining child support," and Roberts did not possess this conservatorship right before the child's 18th birthday.  Lowe further argues that the ground for child support did not exist before the child's 18th birthday because the child was living with Lowe on her birthday.

Lowe relies on *Red v. Red*, 552 S.W.2d 90 (Tex. 1977), in which the Texas Supreme Court held that a trial court "may order that payments for the support of the child shall be continued after the 18th birthday only if the grounds therefore exist and are invoked before the child becomes an adult; i.e., before reaching age 18."  *Id.* at 92 (internal quotation marks omitted).  Lowe concedes that because of a subsequent amendment to the statute, there no longer is any requirement that the grounds be "invoked" before the child's 18th birthday — for example, by filing a petition.  *See* Tex.

2

Fam. Code Ann. § 154.002(b) (Vernon 2008) ("The request for a support order through high school graduation may be filed before or after the child's 18th birthday."); *Crocker v. Att'y Gen. of Tex.*, 3 S.W.3d 650, 652 (Tex. App.—Austin 1999, no pet.) ("Subsection (b), expressly allowing a request for support through high school graduation to be filed after the child turns eighteen, supersedes the reasoning in *Red* and invalidates it as support for this case.").

Lowe nonetheless maintains that the ground for child support must exist before the child's 18th birthday; that is, the parent requesting child support must have been entitled to child support before the child's 18th birthday. We find no support for Lowe's position in the Family Code or case law.

Relying on *Lueg v. Lueg*, 976 S.W.2d 308 (Tex. App.—Corpus Christi 1998, pet. denied), Lowe argues that the right to receive child support "is derived from conservatorship." *Lueg* held that the trial court abused its discretion when it required a sole managing conservator to pay child support to a possessory conservator because a sole managing conservator has the exclusive right to receive child support while the Family Code ascribes no such right to a possessory conservator. *See id.* at 313. Regardless of the fact that the *Lueg* case concerned an erroneous order — rather than the trial court's jurisdiction to enter an order — the facts are distinguishable. Roberts was not a possessory conservator; she and Lowe both were joint managing conservators. A trial court has authority to require one joint managing conservator to pay child support to another joint managing conservator. *See* Tex. Fam. Code Ann. § 153.138 (Vernon 2008) ("The appointment of joint managing conservators does not impair or limit the authority of the court to order a joint managing conservator to pay child support to another joint managing conservator."); *see also* Tex. Fam. Code Ann. § 153.134(b)(2) (Vernon 2008).

Finally, Lowe contends that the trial court loses jurisdiction to alter the conservatorship right to receive child support upon the child's 18th birthday. We find no support for this argument, and the Family Code suggests the opposite. *See id.*

3

§ 154.002(a)-(b) ("The court may render an original support order, or modify an existing order, providing child support past the 18th birthday of the child to be paid only if the child is [enrolled in high school]. The request for a support order through high school graduation may be filed before or after the child's 18th birthday."); Tex. Fam. Code Ann. § 151.001(b)-(c) (Vernon 2008) ("The duty of a parent to support his or her child exists while the child is an unemancipated minor and continues as long as the child is fully enrolled in a secondary school in a program leading toward a high school diploma and complies with attendance requirements described by Section 154.002(a)(2). . . . A parent who fails to discharge the duty of support is liable to a person who provides necessaries to those to whom support is owed.").[1]

Lowe's sole issue is overruled.

## CONCLUSION

We hold the trial court had jurisdiction in this case and affirm the trial court's order modifying the parent-child relationship.


/s/    William J. Boyce
        Justice


Panel consists of Justices Brown, Boyce, and McCally.

---

[1] *See also In re J.A.B.*, 13 S.W.3d 813, 816 (Tex. App.—Fort Worth 2000, no pet.) ("The obvious intent of the legislature . . . is to require parents to aid in the support of their child, even if that child is over eighteen years of age, as long as the child is participating in studies leading toward a high school diploma."); *Crocker*, 3 S.W.3d at 653 (same). In an unpublished opinion, the Beaumont Court of Appeals held that the trial court properly ordered child support until the child graduated from high school when (1) the parent ordered to pay child support had not been ordered previously to pay child support; and (2) the child's 18th birthday had passed before suit was filed. *Pecora v. Hooks*, No. 09-95-200CV, 1996 WL 447900, at *1, *3 (Tex. App.—Beaumont Aug. 8, 1996, no writ) (not designated for publication).