**Opinion issued April 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00789-CV

_____

## IN RE MARK THOMPSON, SR., Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

In this proceeding, we determine whether a trial court has jurisdiction over a suit seeking support for a disabled child who has reached adulthood. Mark Thompson, Sr., the relator, seeks mandamus relief compelling the trial court to (1) dismiss the underlying case for lack of jurisdiction and (2) transfer the matter to

Liberty County, Texas, where Thompson claims venue is proper.[1] We deny the petition.

## Background

In September 1992, the trial court signed a final divorce decree between Thompson and Karen Smith, the real party in interest. The decree provided that Thompson would pay child support for their daughter, J.L.T., until the later of her reaching the age of 18 or graduating from high school. J.L.T. turned 18 in April 2001 and has graduated from high school. The 1992 divorce decree does not note that J.L.T. had any disability or impairment.

In January 2013—approximately 21 years after entry of the divorce decree—Smith sued Thompson for support. Smith's petition alleges that (1) J.L.T. "requires substantial care and personal supervision because of a mental disability and is not capable of self–support" and (2) J.L.T "is over the age of eighteen years, the disability exists now, and the cause of the disability was known to exist on or before [J.L.T.'s] eighteenth birthday." Thompson was served with the petition on March 18, 2013.

On April 23, 2013, Thompson answered, filed a plea in abatement, and moved to transfer venue to Liberty County, Texas. Thompson argued that venue is proper in Liberty County, Texas because both J.L.T. and Smith have resided in

---

[1] The underlying case is *In the Interest of J.L.T.*, cause number 2013-03434, pending in the 246th District Court of Harris County, Texas, the Honorable Jim York presiding.

2

Liberty County for longer than a six month period. Thompson also moved to dismiss the suit for lack of jurisdiction because the divorce decree did not establish any disability before J.L.T.'s 18th birthday, and thus Thompson contends that his support obligation was discharged when J.L.T. turned 18.

The trial court denied Thompson's motions. In its order, the trial court stated the following: "After considering the arguments and reviewing the brief and the Family Code, the Court rules that a hearing is required to determine the facts regarding the disability/incapacity of the child and its occurrence date. Therefore, pending the hearing, the Court rules that it has jurisdiction to conduct the hearing to determine whether or not it has jurisdiction over the interest of the child, disability and right to support."

Thompson seeks mandamus relief, requesting that we direct the trial court to (1) dismiss the underlying case for lack of jurisdiction, and (2) transfer the suit to Liberty County, Texas.

## Discussion

### I. Standard of Review

Mandamus relief is available to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See In re Odyssey Healthcare, Inc.,* 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding) (per curiam). A trial court commits a clear abuse of discretion when its action is "so arbitrary and

unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding).

The Texas Supreme Court has held that remedy by appeal is frequently inadequate in cases regarding child custody and child support issues. *See Proffer v. Yates*, 734 S.W.2d 671, 672–73 (Tex. 1987) (per curiam). The court reasoned that (1) parents and children "should not be forced to go through a trial that is for naught" and (2) "[j]ustice demands a speedy resolution of child custody and child support issues." *Id*. at 673.

## II.    Jurisdiction

Thompson argues that the trial court lacked jurisdiction over the case because (1) he satisfied the child support obligations set forth in the divorce decree and (2) the trial court failed to find that J.L.T. had a disability, or the cause of the disability was known to have existed, before her 18th birthday.

### A.    The Trial Court's Continuing, Exclusive Jurisdiction Over Matters Affecting the Child

When a court renders a final divorce decree, it acquires continuing, exclusive jurisdiction over the matters in the decree affecting a child of the marriage. *See* TEX. FAM. CODE ANN. § 155.001(a) (West 2014) ("Except as

4

otherwise provided by this section, a court acquires continuing exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order."); *In re Wheeler*, 177 S.W.3d 350, 352 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *In re G.R.M.*, 45 S.W.3d 764, 766 (Tex. App.—Fort Worth 2001, orig. proceeding).

A court retains its jurisdiction over the child absent a transfer of the cause or one of the enumerated exceptions in the Family Code occurs. *See Wheeler*, 177 S.W.3d at 352–53 ("The court retains continuing, exclusive jurisdiction over the child unless jurisdiction has been transferred under sections 155.201 to 155.207 of the Texas Family Code or an emergency exists."); *see also* TEX. FAM. CODE ANN §§ 155.001(c) ("If a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to that child except as provided by this chapter or Chapter 262."); 155.002 (West 2014) ("Except as otherwise provided by this subchapter, a court with continuing, exclusive jurisdiction retains jurisdiction of the parties and matters provided by this title."). A court loses its continuing, exclusive jurisdiction if (1) there is an order of adoption, (2) the parents remarry and file a subsequent suit for divorce combined with a suit affecting the parent–child relationship, or (3) another court assumed jurisdiction in error and rendered a final order pertaining to the child. *See* TEX. FAM. CODE ANN. § 155.004 (West 2014).

In the present case, the trial court has jurisdiction in two ways. First, section 155.001 of the Family Code provides the trial court with continuing exclusive jurisdiction over the matter; none of the statutory provisions providing for a loss of such jurisdiction are applicable. Second, even if the trial court lost jurisdiction because Thompson discharged his court–ordered support obligation when J.L.T. turned 18, the court still would have jurisdiction to hear an original suit for support of an adult disabled child. *See* TEX. FAM. CODE ANN. §§ 154.305(a)(2) (West 2014) (providing that suit for support of adult disabled child may be filed "as an independent cause of action or joined with any other claim or remedy provided by this code"); 154.305(b) (West 2014) ("If no court has continuing, exclusive jurisdiction of the child, an action under this subchapter may be filed as an original suit affecting the parent–child relationship."). Accordingly, we hold that the trial court has jurisdiction over Smith's suit for support of an adult disabled child.

B.     *The Trial Court's Jurisdiction to Determine Whether a Disability Existed or Was Known to Exist*

Section 154.302 of the Family Code provides that the court may order either or both parents to provide for the support of a child with a disability for an indefinite period if the court finds that "the disability exists, or the cause of the disability is known to exist, on or before the 18th birthday of the child." TEX. FAM. CODE ANN. § 154.302(a)(2) (West 2014). There is no requirement that the court make such a finding before the child's 18th birthday. Rather, the Family Code

makes clear that a suit for support of a disabled child can be made at any time. *See* TEX. FAM. CODE ANN. §§ 154.305(a)(1) ("A suit under this chapter may be filed . . . regardless of the age of the child"); 154.301 (West 2014) (defining "child" as "a son or daughter of any age").

Reading the plain language of the applicable statutes together, chapter 154 of the Family Code provides that a suit for support of a disabled child can be filed at any time, but to obtain an order for the support of that child, the court must find that the child's disability existed, or the cause of the disability was known to exist, prior to the child's 18th birthday. *See* TEX. FAM. CODE ANN. §§ 154.301; 154.302(a)(2); 154.305(a)(1).

Thompson, however, relies upon *Red v. Red*, 552 S.W.2d 90 (Tex. 1977) for the proposition that the trial court lost jurisdiction over this matter because there has been no prior finding of disability. In *Red*, the Texas Supreme Court held that a trial court "may order that payments for the support of the child shall be continued after the 18th birthday only if the grounds therefore exist and are invoked before the child becomes an adult; i.e., before reaching age 18." *Red*, 552 S.W.2d at 92. But the court decided *Red* before the Legislature enacted section 154.305(a)(1) of the Family Code, which expressly provides that a suit for support of a disabled child can be filed "regardless of the age of the child." TEX. FAM. CODE ANN. § 154.305(a)(1). As our sister court has observed, "[t]he statutory support for *Red's*

7

specific holding as to disabled children was removed when the legislature added a provision allowing a parent to sue, 'regardless of the age of the child,' for support that would extend beyond the disabled child's eighteenth birthday." *Crocker v. Attorney Gen. of Tex.*, 3 S.W.3d 650, 652 n.1 (Tex. App.—Austin 1999, no pet.); *see also* Act of May 26, 1989, 71st Leg., R.S., ch. 368, § 2, 1989 TEX. GEN. LAWS 1457 (TEX. FAM. CODE ANN. § 14.051(d), recodified at TEX. FAM. CODE ANN. § 154.305(a)(1)). Similarly, after *Red*, the Legislature supplemented the definition of "child" to include "a person over 18 years of age for whom a person may be obligated to pay child support." *See* TEX. FAM. CODE ANN. § 101.003 (West 2014); *Crocker*, 3 S.W.3d at 652 n.1.

### III.    Venue

Thompson argues that mandamus relief is warranted because the trial court abused its discretion in denying his request to transfer the case to Liberty County, where J.L.T. has resided for more than six months.

#### A.    Availability of Mandamus Relief

A petition for writ of mandamus is generally unavailable as a means of reviewing decisions regarding venue. *See In re Lambdin*, No. 07–03–0328–CV, 2003 WL 21981975, at *3 (Tex. App.—Amarillo Aug. 20, 2003, orig. proceeding) (mem. op.) (citing *In re Kramer*, 9 S.W.3d 449, 450 (Tex. App.—San Antonio 1999, orig. proceeding); *Scanio v. McFall*, 877 S.W.2d 888, 891 n.3 (Tex. App.—

8

Amarillo 1994, orig. proceeding)). An exception to this rule arises, however, when the trial court has a mandatory, ministerial duty to transfer the cause and refuses to do so. *See id.* (citing *Proffer*, 734 S.W. at 672–73 (Tex. 1987); *In re Calderon*, 96 S.W.3d 711, 715 (Tex. App.—Tyler 2003, orig. proceeding)); *see also In re Compton*, 185 S.W.3d 526, 527 (Tex. App.—Houston [14th Dist] 2006, orig. proceeding) ("An erroneous denial of a mandatory venue transfer is subject to mandamus relief without a showing of inadequate remedy by appeal.") (citing *In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 656 (Tex. 2005)).

Transferring a case to a county where the child has resided for more than six months is a mandatory ministerial duty under section 155.201 of the Family Code. *See* TEX. FAM. CODE ANN. § 155.201 (West 2014); *Proffer*, 734 S.W.2d at 673 (referring to the original enactment in section 11.06 of the Texas Family Code); *Bollard v. Berchelmann*, 921 S.W.2d 861, 863 (Tex. App.—San Antonio 1996, orig. proceeding). An order transferring or refusing to transfer the proceeding is not subject to interlocutory appeal. *See* TEX. FAM. CODE ANN. § 155.204(h) (West 2014). Therefore, mandamus is available to compel mandatory transfer in a suit affecting the parent–child relationship. *See Wheeler*, 177 S.W.3d at 352 (citing *Proffer*, 734 S.W.2d at 672–73*; In re Sanchez*, 1 S.W.3d 912, 914 (Tex. App.—Waco 1999, orig. proceeding)).

Because there is no adequate remedy by appeal for contesting a denial of a motion to transfer venue in a child support case, the only issue is whether the trial court's denial of Thompson's motion to transfer was an abuse of discretion. We hold that it was not.

B.       *Timeliness of the Motion to Transfer Venue*

Section 155.201(b) of the Family Code provides for the mandatory transfer of venue for a modification case upon the timely motion of a party. *See* TEX. FAM. CODE ANN. § 155.201(b) ("If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall . . . transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer."). With certain exceptions not applicable to the present case, section 155.204(b) of the Family Code provides that:

> a motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before commencement of the hearing, whichever is sooner.

TEX. FAM. CODE ANN. § 155.204(b). The timeliness of a motion to transfer depends upon whether the movant is a "petitioner" or "other party." *Bollard*, 921 S.W.2d at 864.

Thompson was served with citation in the underlying suit on March 18, 2013 and filed his answer, motion to transfer, and plea in abatement on April 23, 2013. Smith claims that Thompson was "another party" under section 155.204(b) and, thus, missed the deadline to file his motion to transfer because the first Monday after the 20th day after service of citation was April 8, 2013.

Thompson responds that his motion was timely because "[a] motion to transfer by petitioner or movant is timely if it is made at the time the initial pleadings are filed." (Pet. at 19). Thompson cites *Bollard* and *In re Lender*, 263 S.W.3d 283 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding [mand. denied]) in support of his argument. These cases, however, hold that a motion is timely filed by a counter–petitioner if the motion to transfer is filed with the counter–petition. Thompson seeks no relief modifying matters affecting the parent–child relationship; he is not a counter–petitioner. The court in *Bollard* also rejected the argument that any party filing a motion to transfer should be considered a "movant" under section 155.204(b) of the Family Code. *See Bollard*, 921 S.W.2d at 864 n.2 ("To read 'movant' as the party who files the motion to transfer would render meaningless the reference to 'any other party.'") (citing *Martinez v. Flores*, 820 S.W.2d 937, 939 n.2 (Tex. App.—Corpus Christi 1991, orig. proceeding)).

Thompson could only be considered a "petitioner or movant" if he filed a counter–petition or a motion to modify matters affecting the parent–child relationship. *See Wheeler*, 177 S.W.3d. at 354. He did not. Accordingly, we hold that Thompson was "another party" under section 155.204(b) of the Family Code. Thus, his motion to transfer venue was due on April 8, 2013, rendering his April 23, 2013 filing untimely. Because Thompson's motion to transfer was untimely, transfer of the case was not mandatory and the trial court was within its discretion to deny the motion.

## Conclusion

The trial court acted within its discretion in denying Thompson's motions to dismiss the suit for lack of jurisdiction and to transfer venue; accordingly, we deny the petition for writ of mandamus. Further, we deny Thompson and Smith's motions for sanctions against each other. We dismiss Smith's motion for reconsideration of the stay granted by this court pending our determination on the petition for mandamus as moot.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.