# NO. 12-14-00108-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CASANDRIA C. HARRIS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Casandria C. Harris seeks a writ of mandamus directing the Van Zandt County trial court to vacate its order denying her motion to transfer and transfer the case to Collin County. We deny the petition.[1]

## BACKGROUND

Casandria C. Harris and David N. Cocking are the parents of four minor children, and were divorced on March 28, 2007, in Collin County. Casandria was granted the exclusive right to establish the children's primary residence in Dallas. In September 2013, David filed a motion to modify conservatorship, requesting that he be granted the exclusive right to determine the children's primary residence. He also filed a motion to transfer the case to Van Zandt County because the children had resided there for the previous six months. According to Casandria's mandamus petition and David's response, the Collin County court orally granted Casandria permission to move with the children to Florida. The Collin County court also ordered the case transferred to Van Zandt County. On January 30, 2014, the Van Zandt County court ordered modification of conservatorship after a default hearing, granting David the exclusive right to designate the children's primary residence, and ordering Casandria to immediately transfer,

---

[1] The real party in interest is David N. Cocking. The respondent is the Honorable Randal Lee McDonald, Judge of the County Court at Law, Van Zandt County, Texas.

surrender, or deliver possession of the children to David. According to the record, the children were returned to David on February 17, 2014.

On February 20, 2014, Casandria filed a motion for new trial, alleging that she was not given notice of the final hearing date. After a hearing, the Van Zandt County court granted her motion for new trial, stating that "[t]he law does not favor default judgments." Immediately thereafter, David filed a motion for emergency temporary orders, requesting that he be granted the exclusive right to designate the children's primary residence until the final hearing. The Van Zandt County court granted David's motion. On March 13, 2014, Casandria filed a motion to transfer. She alleged that "[f]or the convenience of the parties and witnesses and in the interest of justice," the case should be transferred to Collin County because neither the parties nor the children resided in Van Zandt County, and the children were attending school in Collin County. At the time of Casandria's motion, the children had been living with David for approximately one month.

A few days later, David filed an application for writ of attachment, alleging that Casandria did not return the children after taking possession of them during spring break, which violated the Van Zandt County court's emergency temporary orders. The next day, Casandria filed an original petition in a suit affecting the parent-child relationship in Collin County, requesting that she be appointed sole managing conservator of the children with the exclusive right to designate the children's primary residence. The Collin County court granted Casandria a temporary restraining order against David, denying him unsupervised possession of or access to the children, and granting Casandria a "superior" right of possession of the children at her residence in Florida.

On March 31, 2014, the Van Zandt County court held a hearing on Casandria's motion to transfer. At that time, the children had been in Florida for less than one month. After the hearing, the Van Zandt County court signed a written order denying Casandria's motion. This original proceeding followed.

## PREREQUISITES TO MANDAMUS

Ordinarily, mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

2

The relator has the burden of showing both prerequisites to mandamus. *See In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding). In determining whether the trial court abused its discretion in resolving factual matters or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker*, 827 S.W.2d at 839-40. Therefore, to show an abuse of discretion in those matters, the relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. A trial court also abuses its discretion if it clearly fails to analyze or apply the law correctly. *Id.*

A petition for writ of mandamus is generally unavailable as a means of reviewing decisions regarding venue. *In re Thompson*, 434 S.W.3d 624, 628 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding [mandamus denied]); *Scanio v. McFall*, 877 S.W.2d 888, 891 n. 3 (Tex. App.—Amarillo 1994, orig. proceeding). An exception to this rule arises when the trial court has a mandatory, ministerial duty to transfer the cause and refuses to do so. *In re Calderon*, 96 S.W.3d 711, 715 (Tex. App.—Tyler 2003, orig. proceeding [mandamus denied]); *see also In re Compton*, 185 S.W.3d 526, 527 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("An erroneous denial of a mandatory venue transfer is subject to mandamus relief without a showing of inadequate remedy by appeal.") (citing *In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 656 (Tex. 2005)).

## ABUSE OF DISCRETION

In her sole issue, Casandria contends that the Van Zandt County court abused its discretion by denying her motion to transfer. She argues that the transfer to Collin County was "mandatory" because she and the children resided in Florida. In Casandria's mandamus petition, she alleges that the Collin County court had continuing, exclusive jurisdiction over the children because she filed an original petition for a suit in affecting the parent-child relationship in that court. Thus, she contends, Section 103.003(a) of the Texas Family Code applies, and a transfer to Collin County was mandatory. Section 103.003(a) states as follows:

> A court of this state in which an original suit is filed or in which a suit for child support is filed under Chapter 159 shall transfer the suit to the county of residence of the party who is a resident of this state if all other parties and children affected by the proceedings reside outside this state.

3

TEX. FAM. CODE ANN. § 103.003(a) (West 2014). However, Casandria never made this argument to the Van Zandt County court. Her entire argument during the hearing was based on another statute in the Texas Family Code pertaining to the continuing, exclusive jurisdiction of a court. It is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus. *See* **In re Am. Optical Corp.**, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding); **In re Advance Payroll Funding, Ltd.**, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, orig. proceeding).

However, even if we consider Casandria's arguments presented to the Van Zandt County court, her petition should be denied. At the hearing, Casandria relied on Section 155.301(a) of the Texas Family Code as the basis for her motion.

Section 155.301(a) states as follows:

> A court of this state with continuing, exclusive jurisdiction over a child custody proceeding under Chapter 152 or a child support proceeding under Chapter 159 shall transfer the proceeding to the county of residence of the resident party if one party is a resident of this state and all other parties including the child or all of the children affected by the proceeding reside outside this state.
> TEX. FAM. CODE ANN. § 155.301(a) (West 2014).

In other words, Section 155.301(a) requires a court to transfer a child custody proceeding to the county of residence of the party who is a Texas resident if all other parties reside outside of Texas. TEX. FAM. CODE ANN. § 155.301(a); **In re Hattenbach**, 999 S.W.2d 636, 639 (Tex. App.—Waco 1999, orig. proceeding). The central question here is whether the trial court could have rendered only one decision—that the minor children did not reside in Florida at the time of the hearing. *See* **Walker**, 827 S.W.2d at 840.

Casandria alleged that at the time of the hearing, the children were living with her in Florida based on the Collin County order and David was living in Collin County. Thus, she contended at the hearing, Section 155.301(a) applied and the Van Zandt County court had no discretion to deny her motion to transfer. However, at the time of the hearing on Casandria's motion to transfer, the Van Zandt County court had continuing, exclusive jurisdiction over the children under Section 152.201(b) of the Texas Family Code. Moreover, it is undisputed that the children had lived with David for approximately one month before Casandria filed the motion to transfer, and had been in Florida with Casandria less than one month at the time of the hearing.

4

Casandria violated the emergency temporary orders from Van Zandt County by retaining the children after her spring break possession. And although she obtained an order from the Collin County court granting her a superior right of possession to the children in Florida, that court did not have continuing, exclusive jurisdiction over the children.

The children were in Florida only because Casandria violated the temporary orders of the Van Zandt County court, the court with exclusive, continuing jurisdiction over the children. *See Huey v. Huey*, 200 S.W.3d 851, 853 (Tex. App.—Dallas 2006, no pet.). Under these circumstances, the Van Zandt County court reasonably could have reached only one decision— that the children did not reside in Florida. Therefore, we cannot say that the Van Zandt County court abused its discretion in denying Casandria's motion to transfer.

## DISPOSITION

We *deny* Casandria's petition for writ of mandamus.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 24, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 24, 2014

### NO. 12-14-00108-CV

**CASANDRIA C. HARRIS,**
Relator
V.
**HON. RANDAL L. MCDONALD,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **CASANDRIA C. HARRIS**, who is the relator in Cause No. FM-13-00309, pending on the docket of the County Court at Law of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on April 28, 2014, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*