

# NUMBER 13-23-00312-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE GUSTAVO RESENDEZ

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Silva[1]

By petition for writ of mandamus, relator Gustavo Resendez contends that the trial court abused its discretion by not granting his motion to transfer venue of the underlying suit from Cameron County to Harris County. *See* TEX. FAM. CODE ANN. § 155.204. Relator filed an original petition in a suit affecting the parent-child relationship in the 312th District Court of Harris County, Texas, but the judge of that court transferred venue of the case

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

to Cameron County. In Cameron County, relator filed a motion to transfer venue back to Harris County, and the trial court denied that motion. Relator contends that the trial court failed to comply with its "mandatory, ministerial duty" to transfer the case because: (1) the real party in interest Miranda Ramos failed to timely file a controverting affidavit; (2) the factual allegations in Ramos's response to relator's motion to transfer venue did not controvert relator's factual contentions regarding venue; and (3) there was no evidence supporting venue in Cameron County. We deny the petition for writ of mandamus.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus is available to compel the mandatory transfer of venue in a suit affecting the parent-child relationship because a trial court that improperly refuses its ministerial duty to transfer has abused its discretion. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (per curiam); *In re Venegas*, 595 S.W.3d 341, 344 (Tex. App.—Eastland 2020, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Ramos, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. *See* TEX. FAM. CODE ANN. § 155.204(b); *In re Thompson*,

434 S.W.3d 624, 629 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding [mand. denied]). Accordingly, the motion to stay all underlying proceedings previously carried with the case is now dismissed as moot. We deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Delivered and filed on the
2nd day of August, 2023.