**U.S. RESOURCES, INC., et al., Relators,**

v.

**Honorable John L. PLACKE, Respondent.**

No. 14333.

Court of Appeals of Texas, Austin.

Nov. 28, 1984.

Charles G. Bell, Newton, Bell & Jones, Dallas, Allan I. Schneider, Schneider, Krugler & Kleinschmidt, Giddings, for relators.

Robert Q. Keith, Mehaffy, Weber, Keith & Gonsoulin, Johnson City, Carey B. Boethel, Simmang, Boethel & Hall, Giddings, for respondent.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

Charles R. Barnhill instituted suit against U.S. Resources, Inc., et al., in the 21st Judicial District Court of Lee County on February 16, 1984. Among other things, Barnhill alleged that by reason of a 1978 agreement, he is entitled to an interest in certain oil and/or gas properties located in Lee County, in which one or more of the relators have or have had a working interest. In their first responsive pleading, the relators filed a motion to transfer venue. On May 17, 1984, Barnhill had not responded to the motion, and Judge John L. Placke signed an order sustaining relators' motion to transfer venue. On May 22, 1984, Barnhill filed a "motion to reconsider order sustaining motion to transfer venue." A hearing was held on Barnhill's motion on May 24, 1984, and the motion was granted by written order entered June 11, 1984. Relators then filed in this Court a motion for leave to file a petition for writ of mandamus. We will deny relators' motion.

Relators argue that Tex.Civ.Stat.Ann. art. 199-21, § 5 (Supp.1984), rendered void Judge Placke's ruling on Barnhill's motion to reconsider the order transferring venue. Article 199-21, § 5 reads:

Sec. 5. Judgments of all such District Courts [in the 21st Judicial District] shall become final on and after the expiration of ten (10) days after the date of judgment, *or on and after the day the motion or amended motion for new trial, if any be filed, is overruled,* as if the term of court had expired, when execution and all such other writs to enforce

such judgment may issue. On and after the day such judgment becomes final, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other District Courts. (emphasis added).

It is to be noted that the statute says *nothing* about the time in which the court must act upon the motion for new trial. Relators assert, nevertheless, that because Barnhill's motion to reconsider the order to transfer venue was not filed *and acted upon* within ten (10) days after the order sustaining relators' motion to transfer venue, the court's ruling on Barnhill's motion was void.

■ However, Barnhill's motion *was filed* within ten (10) days after the order to transfer venue, and Judge Placke acted upon Barnhill's motion within thirty (30) days after Judge Placke had signed relators' order transferring venue. When art. 199–21, § 5 is read in conjunction with Tex. R.Civ.P.Ann. 329b (Supp.1984), the motion of Barnhill and the judgment of the court thereon both fall within allowable time periods. Relators argue that the two rules cannot be harmonized, and that art. 199–21, § 5 controls exclusively the times for filing and acting upon a motion for new trial in Lee County; *i.e.*, if a motion is filed within the ten (10) day period, it must be acted upon within the same period. Such a construction is not warranted. When two rules of law can be harmonized, courts should do so. *State v. Jackson*, 370 S.W.2d 797 (Tex.Civ.App.1963), aff'd, 376 S.W.2d 341 (Tex.1964). A reasonable interpretation of these two rules suggests that art. 199–21, § 5 applies to when a motion for new trial or similar motion must be *filed,* and Rule 329b applies to *how long the trial court retains jurisdiction to act upon such motions*. In other words, art. 199–21, § 5 requires that a motion must be filed within ten (10) days after the judgment or the judgment becomes final. If a motion for new trial or similar motion is filed, Rule 329b gives the trial court thirty (30) days after the judgment to act upon timely filed motions for new trial or similar motions. Then, under art. 199–21, § 5, the judgment becomes final ten (10) days "on and after the day the motion ... is overruled." The fact that the Legislature adopted art. 199–21, § 5 in 1943 when art. 2092–28, Tex.Rev. Civ.Stat.Ann. (1964), the predecessor of Rule 329b (with the same time limits for disposition of a motion for new trial as originally in Rule 329b), was in effect, clearly demonstrates the intent of the Legislature that the two rules be read together and harmonized. Therefore, we hold that Barnhill's motion was timely filed under art. 199–21, § 5, and that Judge Placke had power to rule on the motion when he did so under Rule 329b.

■ In relators' reply brief, they assert two additional reasons for why Judge Placke's ruling to reconsider his order to transfer venue was void. First, relators assert that Rule 87(5), Tex.R.Civ.P.Ann. (Supp.1984), provides that there shall be "no rehearing" of orders to transfer venue. Secondly, relators argue that the language of the order to transfer venue effected an immediate transfer of the case. However, Rule 87(5) reads:

If venue has been sustained as against a motion to transfer, or if an action *has been transferred* to a proper county in response to a motion to transfer, then no further *motions to transfer* shall be considered.... (emphasis added).

Here, there had been filed a motion to transfer venue, which Judge Placke had sustained, but the case had not actually been transferred when Judge Placke timely decided to reconsider the motion to transfer. Although relators assert that the court's order to transfer venue effectuated an immediate transfer of the case, they cite no cases supporting this proposition. Therefore, we find that neither Rule 87(5) nor the order to transfer venue prohibited Judge Placke from deciding to reconsider and rescind the motion to transfer venue.

Relators' motion for leave to file a petition for writ of mandamus is, therefore, denied.