**DORCHESTER MASTER LIMITED PARTNERSHIP, Relator,**

v.

**Honorable Judge Marsha ANTHONY and Vicki Walls, District Clerk of Gray County, Respondents.**

**No. 01-87-0395-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 2, 1987.

Rehearing Denied July ´

Frank Douglass, Scott, Eugene M. Nettles, Tom W. Reavley, Ray Donley, Scott, Douglass & Luion, Houston, for relator.

Jody G. Sheets, Timothy D. Zeiger, Gassaway, Gurley, Sheets & Mitchell, Borger, J. Todd Shields, M.W. Parse, Jr., James S. Calvert, Jr., Fulbright & Jaworski, T. Gerald Treece, Houston, D. Patrick Long, Culton, Morgan, Britain & White, Amarillo, for respondents.

Before EVANS, C.J., and COHEN and HOYT, JJ.

OPINION ON PETITION FOR WRIT OF MANDAMUS

EVANS, Chief Justice.

This is an application for writ of mandamus to compel Judge Marsha Anthony, Judge of the 334th District Court of Harris County, to vacate a venue order purporting to transfer relator's case to Gray County, Texas, and to direct Judge Anthony to proceed to trial. We grant relator's motion for leave to file and, without hearing oral argument, conditionally grant the writ of mandamus.

Relator's predecessor in interest, Dorchester Gas Producing Company, filed the underlying suit in December, 1983, seeking to recover money damages against Cabot Pipeline Corporation and other defendants for the alleged conversion of gas from producing wells located in the Panhandle Field in Gray and Carson Counties. On May 23, 1984, Judge Ken Harrison, then Presiding Judge of the 334th District Court, entered an order denying the defendants' motion to transfer venue. On February 27, 1987, the defendants filed a second motion to transfer venue, and on May 18, 1987, Judge Anthony, on her own motion, entered a purported order of transfer, stating that she had considered, sua sponte, the correctness of venue of the case and determined that proper venue was in Gray County. Judge Anthony's order also purported to vacate, sua sponte, "any previous orders relating to venue" in the case.

Mandamus will issue only to correct a clear abuse of discretion or the violation of the duty imposed by law when there is no adequate remedy by law. *Street v. Second Court of Appeals*, 715 S.W.2d 638 (Tex. 1986); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The circumstances justifying the issuance of a writ of mandamus are evident here.

Judge Anthony's order is void because Tex.R.Civ.P. 87(5) expressly precludes a second venue determination. That rule provides:

NO REHEARING. If a venue has been sustained as against a motion to transfer, or if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered regardless of whether the movant was a party to the prior proceedings or was added as a party subsequent to the venue proceedings, unless the motion to transfer is based on the grounds that an impartial trial cannot be had under Rules 257–259 or on the ground of mandatory venue, provided that such claim was not available to the other movant or movants.

 The respondent judge asserts that she had authority to "reconsider" Judge Harrison's prior venue determination, and in support of that argument cites *U.S. Resources v. Placke*, 682 S.W.2d 403, 405 (Tex.App.—Austin 1984, no writ). The facts in *Placke* are distinguishable from those here. In *Placke*, the trial court did *not* initially sustain venue in the county of suit; rather it ordered that the case be transferred to another county. But the case had not actually been transferred when the judge decided to reconsider the motion to transfer. Thus, the Austin Court of Appeals decided, under the express language of Rule 87(5), that the trial judge could reconsider the motion to transfer, because the case had not actually been transferred. In this case, we are presented with an entirely different situation. Here, the court *sustained* venue in the county of suit and denied the defendants' motion to transfer. Under such a circumstance, the express provisions of Rule 87(5) mandate that "no further motions to transfer shall be considered...." We accordingly hold that Judge Anthony's venue order dated May 18, 1987, is void in that it purports to reconsider and vacate Judge Harrison's prior order that sustained venue in Harris County. Because the order is void, mandamus is an appropriate action to compel that the order be vacated, that the transmitted papers be returned to the 334th Judicial District Court, and that Judge Anthony proceed to trial. *See Brown v. Brown*, 566 S.W.2d 378, 380 (Tex.Civ.App.—Corpus Christi 1978, no writ).

We grant the petition for writ of mandamus, and direct that Judge Anthony vacate the purported order of transfer dated May 18, 1987, that the district clerk of Gray County return the transferred papers to the 334th District Court of Harris County, and that Judge Anthony proceed to a trial in the case; provided, however, that a writ of mandamus will issue only in the event that the respondents refuse to comply forthwith with this order.