Petition for Writ of Mandamus Denied and Memorandum Opinion filed
January 29, 2008









 

Petition for Writ of Mandamus Denied and Memorandum
Opinion filed January 29, 2008.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-07-00935-CV

____________

 

IN RE MEDICAL CARBON RESEARCH
INSTITUTE, L.L.C., and JACK C.  BOKROS,
PH.D., Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On November 5, 2007, relators Medical Carbon
Research Institute, L.L.C. (AMCRI@), and Jack C. Bokros, Ph. D., filed a petition for writ of
mandamus in this court.  See Tex.
Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition,
MCRI and Bokros complain of the Honorable Ben Hardin=s, presiding judge of the 23rd
District Court, Brazoria County, failure to rule on their (1) motion to
reconsider order denying their motion to transfer venue, and (2) motion to
dismiss for lack of subject matter jurisdiction pursuant to forum selection
provision to permit real party in interest, Michael M. Phillips, to re-filing
in a court in Travis County.








On April 26, 2005, Phillips filed suit against MCRI and
Bokros in Brazoria County for breach of contract and fraud in connection with a
settlement agreement.  On May 27, 2005,
MCRI and Bokros filed a motion to transfer venue, or alternatively, motion to
dismiss for lack of jurisdiction, and answer subject to those motions.  MCRI and Bokros sought to transfer venue to
Travis County under the venue provisions of Chapter 15 of the Texas Civil
Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann. '' 15.001, et seq. (Vernon 2002
& Supp. 2007) (providing rules for determining proper venue).  On May 1, 2006, the trial court held a
hearing on MCRI and Bokros= motion to transfer venue, and, on February 20, 2007, denied
the motion.  On June 15, 2007, MCRI and
Bokros filed a motion to reconsider denial of the motion to transfer venue and
dismiss for lack of jurisdiction pursuant a forum selection provision.  At a November 1, 2007 status conference,
respondent stated he had already ruled on the venue issues and would not rule
on the motion to reconsider.  

MCRI and Bokros maintain that the governing agreement
contains a forum selection clause mandating that any claims would be litigated
in Travis County.  The clause at issue
states, in relevant part: AThe parties agree that, except as otherwise provided in the
Act, any Claims shall be decided exclusively by and in the state or federal
courts sitting in Travis County, Texas, which courts shall have subject matter
jurisdiction over all Claims.@  AForum@ relates to the jurisdiction,
generally a nation or State, where suit may be brought.  Liu v. CiCi Enters., LP, No.
14-05-00827-CV, 2007 WL 43816, at *2 (Tex. App.CHouston [14th Dist.] Jan. 9, 2007, no
pet.) (mem. op.).  AVenue,@ on the other hand, generally refers
to a particular county or a particular court. 
Gordon v. Jones, 196 S.W.3d 376, 383 (Tex. App.CHouston [1st Dist.] 2006, no pet.);
see also Liu, 2007 WL 43816, at *29 (stating that venue concerns the
geographic location within the forum where the case may be tried).  We conclude this provision is a venue
selection clause, not a forum selection clause, because it refers to the county
where suit should be brought.  








The venue selection clause is subject to Rule 87(5) of the
Texas Rules of Civil Procedure, which generally does not permit reconsideration
of the denial of a motion to transfer venue. 
Tex. R. App. P. 87(5).  Thus, a
trial court has the authority to make only one venue determination.  Van Es v. Frazier, 230 S.W.3d 770, 775
(Tex. App.CWaco 2007, pet. denied); Dorchester
Master Ltd. P=ship v. Anthony, 734 S.W.2d 151, 152 (Tex. App.CHouston [1st Dist.] 1987, orig.
proceeding).  

Because any reconsideration of respondent=s order denying the motion to
transfer venue would have been void, respondent did not abuse his discretion in
not ruling on MCRI and Bokros= motion for reconsideration of venue.  MCRI and Bokros have not established their entitlement
to the extraordinary relief of a writ of mandamus.  Accordingly, we deny MCRI and Bokros= petition for writ of mandamus.  We further deny MCRI and Bokros= motion to supplement the record as
moot.  

 

PER CURIAM

 

Petition Denied
and Memorandum Opinion filed January 29, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Boyce.