In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00064-CV**

_____


**IN RE JAROD JOHNSON**

**Original Proceeding**
**136th District Court of Jefferson County, Texas**
**Trial Cause No. D-199,594**

**OPINION**

In this mandamus proceeding, Jarod Johnson, as relator, asks the Court to

decide whether the trial court clearly abused its discretion by severing a wrongful

death action that was filed against him and three other defendants into three separate

suits. Because the plaintiff's claims against all four of the defendants arose from a

single collision that gave rise to one wrongful death action, we hold the trial court

clearly abused its discretion by splintering the action into three different cause

numbers. Because a remedy through an ordinary appeal at the conclusion of the trials

of the causes would not adequately cure the harm to Johnson caused by the trial

1

court's orders of severance, we conditionally grant Johnson's request for mandamus relief.

## Background

Seven-year-old Jarod Johnson Jr. died in a motor vehicle collision that occurred in Liberty County on June 17, 2016. In February 2017, Jarod's mother, Holly D. Johnson, filed a wrongful death suit in Jefferson County, Texas, against BesTest, Inc., Joshua Alan Jordan (Jordan), Jarod Lawrence Johnson (Johnson) and Refractory Construction Services Co., LLC. The child was travelling in a truck driven by Johnson, his father, when they were involved in a collision with an eighteen-wheeler being driven by Jordan, who Holly alleged was driving the truck in the course and scope of his employment for BesTest. Holly also alleged that when the collision occurred, Johnson was driving his truck he and his son were in while in the course of his employment with Refractory.

With respect to the county where Holly filed her suit, she alleged that Jefferson County represented a county of proper venue because one of the corporations she sued had its principal office there. However, Holly's pleadings failed to identify whether Refractory or BesTest was the corporation that she intended to prove at trial had its principal office in Jefferson County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(3) (West 2017).

2

When Johnson answered Holly's suit, he did not file a motion to transfer venue. When the other three defendants appeared in the suit, BesTest and Jordan, jointly, and Refractory, separately, filed motions to transfer venue. In their motions, all three of these defendants denied that BesTest or Refractory had its principal office in Jefferson County, Texas. In its motion, Refractory asked the trial court to transfer venue of the case to Liberty County, where the accident occurred. In their joint motion, BesTest and Jordan alleged that BesTest maintains its principal place of business in Lee County, and they alleged that Jordan was a resident of Hardin County. Although BesTest and Jordan's motion alleged that they do not reside in Galveston County, they asked the trial court to transfer the suit to Galveston County because Refractory had its corporate office there.

In October 2017, BesTest and Jordan demanded that the trial court rule on their joint motion to transfer. The trial court conducted a hearing regarding their demand, but concluded in that hearing that it would not rule until the parties completed both discovery and had mediated their dispute. *BesTest, Inc.*, No. 09-17-00449-CV, 2017 WL 6558814, at *2 (Tex. App.—Beaumont Dec. 21, 2017, orig. proceeding) (mem. op.). When the trial court refused to rule on their joint motion to transfer venue, BesTest and Jordan filed a petition for mandamus, and asked that this Court require the trial court to rule on their joint motion. *Id.*

3

In December 2017, we granted conditional mandamus relief requiring the trial court to rule on the joint motion to transfer venue. *Id.* at *3. Approximately one month after issuing our opinion in that original proceeding, the trial court granted BesTest's and Jordan's joint motion for transfer. In its order granting the joint motion, the trial court transferred Holly's wrongful death action against BesTest and Jordan to Galveston County. On the same day, the trial court signed a separate order transferring Holly's wrongful death action against Refractory to Liberty County. These two orders are silent with respect to Holly's action against Johnson, and did not sever Holly's action against BesTest and Jordan, and Holly's action against Refractory into separate cause numbers.

Subsequently, on January 24, 2018, the trial court amended these two orders. Its amended order recites that the motions to transfer were sustained, and the court severed Holly's wrongful death action against Refractory and sent it to Liberty County. As to BesTest and Jordan, the amended order severed Holly's action and sent Holly's action against them to Galveston County, clarifying that BesTest and Jordan were the only defendants the court was transferring to Galveston County. As to Johnson, the amended order states that Johnson waived his right to challenge venue, and the court ordered Holly's action against Johnson to remain in Jefferson County.

On February 1, 2018, Johnson filed a motion requesting that the court reconsider its decision splintering Holly's wrongful death action into three separate suits. Johnson's motion, which complains about the trial court's severance orders, argues that Holly's claims against the defendants were not properly severable. In his motion, Johnson asked the court to "enter a new order that transfers the entire cause to the same county whether it be Liberty or Galveston County." Johnson did not assert that he had preserved his right to choose from the counties of proper venue that might be available under the circumstances of the case. Instead, his motion argues only that the case should be tried against all of the defendants in one county because it was not properly severable into separate causes.

Following a non-evidentiary hearing on Johnson's motion, which occurred nineteen days after the trial court amended its prior orders, the trial court denied Johnson's request. If not withdrawn, the trial court's severance orders splintering Holly's wrongful death action into three causes will involve three courts, and possibly three juries, in resolving Holly's wrongful death action.

Several days after the trial court denied Johnson's motion challenging the court's orders of severance, Johnson filed a petition seeking mandamus relief in this Court. In his petition, Johnson argues the trial court improperly severed Holly's wrongful death action into three causes because Holly's wrongful death action will

5

require a jury to apportion the negligence of the various defendants who the jury finds responsible for causing the collision that gave rise to Holly's action. We stayed the trial court's orders of severance pending our review of Johnson's petition.

In his petition seeking mandamus relief, Johnson argues that severing the wrongful death action was improper and unnecessary under Rule 41, the rule of procedure governing severances. Johnson argues that Holly's action should be tried in one proceeding. He suggests that by splintering the proceeding into three separate actions, his right to fairly try the facts and issues that will be needed to resolve Holly's claims will be compromised. *See* Tex. R. Civ. P. 41 (misjoinder and non-joinder of parties).

In response to Johnson's petition, Holly contends that the severances were proper because the sole remedy provided by the Texas Legislature when ruling on timely-filed venue motions requires that trial courts splinter the case into separate actions by sending those defendants who perfected their rights to challenge venue to the county that each defendant requested, so long as those counties are counties of proper venue. Holly argues that the venue statute does not authorize transferring her suit against Johnson to a county of proper venue because he failed to file a motion challenging her choice of venue.

Mandamus Review

An appellate court may grant a petition for mandamus relief only to correct a trial court's clear abuse of its discretion because it made a ruling for which the relator has no adequate remedy by ordinary appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). An abuse of discretion will be found to have occurred when a trial court has failed to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). As the relator in this mandamus proceeding, Johnson is also required to show in this court that he cannot obtain an adequate remedy through pursuing an ordinary appeal. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259, 262 (Tex. 2008) (orig. proceeding) ("The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments.").

In evaluating the benefits and detriments of reviewing a matter in a mandamus proceeding instead of awaiting the ordinary appeal, we consider whether a decision to grant the writ will preserve a litigant's important substantive and procedural rights that a litigant has from impairment or loss. *See Prudential*, 148 S.W.3d at 136. "These considerations implicate both public and private interests." *Id.* In deciding whether an appellate remedy is adequate, we also consider whether an irreversible

7

waste of judicial and public resources will occur should mandamus not issue. *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999).

Severance

The Rules of Civil Procedure give trial courts broad discretion in deciding whether to sever causes. Tex. R. Civ. P. 41. However, mandamus is available in a proper case to protect a party against a trial court's clear abuse of its discretion when the trial court has improperly ordered a severance. *See Womack v. Berry*, 291 S.W.2d 677, 682 (Tex. 1956) (orig. proceeding).

Rule 41 provides that "[a]ny claim against a party may be severed and proceeded with separately." *See* Tex. R. Civ. P. 41. Cases decided under Rule 41 establish the guidelines that trial courts are required to follow when deciding whether to sever a litigant's claims into multiple causes. Nearly thirty years ago, the Texas Supreme Court explained that under Rule 41, "[a] claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). This three-part test remains the guiding rule and principle the trial court was required to follow when it decided whether to sever

8

Holly's wrongful death action into three separate causes. "The controlling reasons for a severance are to do justice, avoid prejudice and further convenience." *Id.*

In this case, Holly, who is the sole plaintiff, alleged that the combined negligence of four defendants caused a motor vehicle collision, and that the collision resulted in her son's death. Holly sued the defendants under the Wrongful Death Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 71.001-.012 (West 2008 & Supp. 2017) (Wrongful Death Act). In her petition, Holly alleged that Refractory was liable for Johnson's conduct in causing the collision because Johnson was driving his truck in the course and scope of his employment for Refractory when the collision occurred. She also alleged that Jordan was liable for causing the collision because he was in the course and scope of his employment with BesTest when the collision occurred.

If the trial court's severance order is allowed to stand, Refractory would be sent to Liberty County, BesTest and Jordan would be sent to Galveston County, and Johnson would remain in Jefferson County. Due to the severances, the defendants in each of those proceedings would likely identify the others as responsible third parties so that the combined negligence of all four defendants could be apportioned. And, the liability would be apportioned by three separate juries, as each jury would be required to determine who was negligent and responsible for causing the wreck.

9

Thus, assuming a jury finds in Holly's favor in all three cases, Holly's damages (which might be in different amounts in each of the three cases) will be required to be apportioned in ways that might differ. *See id.* § 33.004 (West 2015) (Designation of Responsible Third Party). Consequently, severing Holly's wrongful death action into three separate causes would, if the orders are allowed to stand, require three courts and three juries to hear largely, if not entirely, the same evidence. Additionally, the three causes involve highly interwoven facts and legal theories. On this record, we conclude the trial court abused its discretion by severing Holly's wrongful death action into separate causes when the action should be tried in one cause number against all four defendants in a county of proper venue.

For the reasons explained above, we hold the trial court failed to follow well-settled law when it severed Holly's wrongful death action into three cause numbers. *See Guar. Fed.*, 793 S.W.2d at 658 (explaining that a properly severable claim is one that "is not so interwoven with the remaining action that they involve the same facts and issues"). We hold the trial court's failure to follow the law was a clear abuse of discretion. *Id.*

## Johnson's Waiver of His Venue Rights

In this original proceeding, Holly argues that mandamus relief is inappropriate as to Johnson's complaints about the trial court's severance orders because Johnson

failed to preserve his right to have the case Holly filed against him transferred to a county of proper venue. Additionally, Holly suggests the trial court properly denied Johnson's motion because granting Johnson's motion would require the trial court to conduct more than one venue hearing, which she claims would violate Rule 87(5) of the Texas Rules of Civil Procedure. *See generally* Tex. R. Civ. P. 87(5) ("If venue has been sustained as against a motion to transfer, or if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered regardless of whether the movant was a party to the prior proceedings or was added as a party subsequent to the venue proceedings[.]").

Relying on several Rule 87(5) cases, Holly argues it would be error for this Court to grant Johnson's petition. *See* Tex. R. Civ. P. 87(5). We disagree. The authorities Holly cites are distinguishable. In *Dorchester Master Limited Partnership v. Anthony*, the appellate court held the transferee court lacked the authority to reconsider the transferring court's prior venue determination. 734 S.W.2d 151, 152 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding). However, the issue raised in *Anthony* did not include an error regarding an order of severance that split the plaintiff's claims. *Id.* Therefore, it is both distinguishable and does not address whether a trial court may, through severance orders, require an action that is otherwise not properly severable to proceed in separate causes.

11

Holly also relies on *In re Hardwick*, 426 S.W.3d 151, 157 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). In *Hardwick*, the First Court of Appeals explained that the trial court could not have considered amended pleadings that a party filed after the trial court ruled on two motions to transfer venue when deciding those motions. *Id*. Our review of our sister court's opinion in *Hardwick* does not reflect that the case involved a challenge to the validity of a trial court's severance orders. *Id*. at 153-156. Additionally, we note that in *Hardwick*, the First Court of Appeals conditionally granted the petition, directed the trial court to vacate its order denying the relators' motions to transfer, and before deciding whether to grant the motions, the appeals court indicated that the "trial court may permit the parties to present additional evidence and arguments to help it determine to which county it should transfer venue." *Id*. at 163. The actual disposition of the mandamus proceeding in *Hardwick* indicates that the First Court of Appeals allowed the trial court to conduct additional proceedings on remand to make a determination regarding which Texas county would be a county of proper venue even though it was not authorized to alter the appeals court's decision that the county of suit was not a count of proper venue. *See id*.

Similarly, we find *In re Medical Carbon Research Institute, L.L.C.* to be distinguishable. In *Medical Carbon*, the Fourteenth Court of Appeals held that the

trial court did not err when it refused to hear Medical Carbon's motion to reconsider a prior ruling that had been made on Medical Carbon's motion to transfer venue. No. 14-07-00935-CV, 2008 WL 220366, at *1 (Tex. App.—Houston [14th Dist.] Jan. 29, 2008, orig. proceeding) (mem. op.). The Fourteenth Court stated that Rule 87(5) of the Texas Rules of Civil Procedure generally does not allow a trial court to reconsider a ruling denying a motion to transfer venue. *Id.* However, in *Medical Carbon*, Medical Carbon wanted the trial court to consider for the first time a matter Medical Carbon had not raised in the initial hearing the trial court conducted on its motion to transfer, a matter that concerned the effect of a forum selection clause in the parties' written agreement that was relevant to the plaintiff's claims. *Id.* And, the trial court expressly refused to rule on Medical Carbon's motion to reconsider, unlike the situation in Holly's case. *Id.* at *2. Moreover, Johnson's motion addresses his complaints about the trial court's severance orders, and he did not ask the trial court to revisit its decision on venue. While Johnson failed to file a timely motion to transfer, nothing in Rule 86, which provides that an objection to improper venue is waived if not made by written motion, states that a party also waives all complaints regarding an improper severance. *See* Tex. R. Civ. P. 86.

In *Marathon Corporation v. Pitzner*, which is another case Holly cites in her response, the Corpus Christi Court of Appeals concluded that the trial court properly

refused to consider Marathon's motion to reconsider its venue ruling, noting that Rule 87(5) prohibited the trial court from holding another hearing to consider its initial venue ruling. 55 S.W.3d 114, 137, 137 n.6 (Tex. App.––Corpus Christi 2001), *rev'd on other grounds*, 106 S.W.3d 724 (Tex. 2003). While we agree that Rule 87(5) prevented the trial court from holding a second venue hearing under the circumstances that occurred in *Marathon*, Rule 87 does not prohibit hearings that concern severances. *Compare* Tex. R. Civ. P. 41, *with* Tex. R. Civ. P. 87. Simply stated, a severance is not controlled by Rule 87.

Holly also argues that section 15.0641 of the Civil Practice and Remedies Code prevented the trial court from reconsidering its orders transferring Holly's action to Liberty County and Galveston County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.0641 (West 2017) ("In a suit in which two or more defendants are joined, any action or omission by one defendant in relation to venue, including a waiver of venue by one defendant, does not operate to impair or diminish the right of any other defendant to properly challenge venue."). However, section 15.0641 of the Civil Practice and Remedies Code does not address severances; instead, section 15.0641 concerns only the effect of a waiver on the venue rights of those defendants that properly preserved their right to complain of the plaintiff's failure to file suit in a county of proper venue. *Id*. Since section 15.0641 is silent on the question of

14

severances, and because the language employed by the Legislature when it enacted section 15.063 authorized trial courts, upon granting venue motions, to send the case to a county of proper venue, we conclude the trial court abused its discretion by splintering Holly's wrongful death action into three suits. *See id*. § 15.0641 (limiting the effect of a defendant's waiver of its venue rights so that the waiver affects only the rights of that party to challenge the plaintiff's choice of venue).

In conclusion, BesTest, Jordan, and Refractory preserved their right to complain that Jefferson County was not a county of proper venue by filing timely motions to transfer venue. Consequently, the venue motions filed by the defendants who perfected their right to challenge venue required the trial court to decide whether or not Jefferson County, the county in which Holly chose to file her suit, was a county of proper venue for Holly's action. Once the trial court determined that Jefferson County was not a county of proper venue, the venue statute that controlled the trial court's determination about where to send the case, as well as the rule of civil procedure governing severances, and *Guaranty Federal* required the trial court to avoid splintering Holly's action into three suits. *See id*. § 15.063 (requiring the trial court, on granting a timely filed motion to transfer venue, to transfer the "action to another county of proper venue"); Tex. R. Civ. P. 41; *Guar. Fed. Sav. Bank*, 793

15

S.W.2d at 658. We hold the trial court clearly abused its discretion by severing Holly's claims against the defendants into three separate causes. Tex. R. Civ. P. 41.

Inadequate Remedy by Appeal

Holly argues in her response that the trial court's venue ruling is an incidental ruling for which mandamus relief is unavailable. However, allowing a trial court to improperly sever claims to require separate courts to handle a wrongful death action when the case was not properly severable could result in different outcomes on the issues of negligence, proximate cause, apportionment of fault, and damages. Should the trial court's severances stand, requiring multiple proceedings that will possibly result in different outcomes, a significant waste of both public and judicial resources will occur. *In re Energy Res. Tech. GOM, Inc.*, No. 14-12-00835-CV, 2012 WL 4754006, at *2 (Tex. App.—Houston [14th Dist.] Oct. 4, 2012, orig. proceeding) (mem. op.) (conditionally granting a petition for writ of mandamus to require the trial court to vacate an improper order of severance).

The trial court recognized the burden that splintering the actions would create during one of the hearings that it conducted on the motion BesTest and Jordan filed complaining about the trial court's refusal to issue a timely ruling on their joint motion to transfer. In that hearing, the trial court explained its view that splitting Holly's action into multiple suits "had the potential to create a procedural and

16

logistical nightmare caused by two different trials in two different counties regarding the conduct of the same parties in the same motor vehicle collision." *In re BesTest*, 2017 WL 6558814, at *2. Although the trial court recognized the practical difficulties by splitting the case in two, the court's severance orders create an even greater burden by splitting Holly's action into three causes. The result the trial court imposed was avoidable. Tex. Civ. Prac. & Rem. Code Ann. § 15.063.

We conclude the benefits of allowing Johnson to obtain relief in a mandamus proceeding significantly outweigh the detriments to allowing the trial court's improvidently granted orders of severance to stand. *See In re Prudential*, 148 S.W.3d at 136. Moreover, the relief Johnson might be able to obtain through a regular appeal following trials in Jefferson, Liberty and Galveston Counties would be inadequate to cure the waste of public and private resources that would result if the orders of severance are allowed to stand. *Id.*

## Conclusion

Having found that the trial court abused its discretion by severing the action and that Johnson does not have an adequate remedy at law, we conditionally grant Johnson's request for mandamus relief. We are confident the trial court will promptly vacate its prior orders severing Holly's action, and that it will transfer the entire case to a county of proper venue, as requested by one of the defendants who

17

timely requested a transfer of venue. The writ will issue only if the trial court fails to act in accordance with the Court's opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on February 27, 2018
Opinion Delivered March 22, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.